839 So.2d 1017 (2003)
Mary Ruth HAMDAN, as Natural Tutrix of the Minor, Ramsey Hamdan, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Carl E. Gresham, Defendants-Appellees.
No. 36,883-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
*1018 Lunn, Irion, Salley, Carlisle & Gardner, by W. Orie Hunter, III, Shreveport, for Appellant.
Hicks, Hubley & Marcotte, by Michael S. Hubley, Shreveport, for Appellees.
Before WILLIAMS, PEATROSS and KOSTELKA (Pro Tempore), JJ.
PEATROSS, J.
This appeal arises from a summary judgment granted by the trial court in favor of defendants, Carl Gresham ("Gresham") and State Farm Mutual Automobile Insurance Company ("State Farm"), and against the plaintiff, Mary Hamdan ("Plaintiff"). For the reasons stated herein, we affirm.

FACTS
On October 13, 2000, 15-year-old Ramsey Hamdan ("Hamdan") was riding a four-wheeler with his friend and passenger, Ryan Allen, near the intersection of East Flournoy Lucas Road and Louisiana Highway One.[1] The boys had been riding in a pecan orchard on the south side of Flournoy Lucas Road, west of its intersection with the highway. At approximately 5:45 p.m., they decided to cross Flournoy Lucas to go to a house of a friend on the north side of the road. The eastbound lane of Flournoy Lucas was congested with automobiles that had stopped for a train, although the train had already just passed *1019 through at the time of the accident. The four-wheeler traveled east just off the roadway, then crossed a ditch, entered the eastbound lane of Flournoy Lucas Road between two vehicles and attempted to cross the westbound lane. A Chevrolet Tahoe, driven by Gresham, was traveling in the westbound lane of Flournoy Lucas Road and struck the four-wheeler driven by Hamdan as he attempted to cross the westbound lane. Hamdan was injured as a result of the accident. He sustained fractures to his tibia, fibula and hip.
In October 2001, Mary Ruth Hamdan, as natural tutrix of Hamdan, filed suit against Gresham and his automobile insurer, State Farm (collectively "Defendants"). After taking the depositions of the parties involved, Defendants filed a motion for summary judgment, asserting that Hamdan was at total fault for the accident because he failed to yield to Gresham and because he pulled directly into Gresham's path at a time when Gresham could not avoid a collision. In support of the motion for summary judgment, Defendants attached Gresham's deposition, the deposition of Hamdan and the affidavit of Michael Nickel ("Nickel"), who was an eyewitness to the accident.
Hamdan stated in his deposition that he hardly remembered anything about the accident after pulling between the two cars in the eastbound lane of Flournoy Lucas Road before attempting to cross the westbound lane. He never saw Gresham's vehicle and could not remember anything about the actual impact, including whether or not he checked for traffic before entering the westbound lane.
Gresham stated in his deposition that he was traveling west on Flournoy-Lucas Road and had stopped at a red light at the intersection of Flournoy-Lucas Road and the highway. When the light turned green Gresham traveled through the intersection and across the railroad track. Traffic was backed up in the eastbound lane, but Gresham had no cars in front of him as he traveled in the westbound lane. Gresham also testified that he was traveling within the posted speed limit. According to Gresham, the four-wheeler came out from behind either a minivan or a small truck and he immediately slammed on his brakes, but the vehicle came to rest with a back tire on the four-wheeler and the right front tire on Hamdan. Gresham stated that he never saw the four-wheeler or the two boys until they were in his lane of travel immediately prior to the impact.
The last document submitted in support of the motion for summary judgment was the affidavit of Nickel, whose vehicle was stopped in the eastbound lane of Flournoy-Lucas Road at the time of the accident. Nickel observed Hamdan driving the four-wheeler parallel to Flournoy-Lucas Road in an easterly direction and he watched Hamdan jump the eastbound roadside ditch, drive in front of the vehicle that was stopped directly in front of him and then attempt to cross the westbound lane. Nickel stated that he did not see Hamdan check for westbound traffic before attempting to cross and that Gresham did not appear to be speeding or driving "in anything but a safe manner." Nickel also stated that he did not see how Gresham could have avoided a collision with the four-wheeler and that, after the accident, he had a chance to observe Gresham who showed no evidence of suffering from any type of impairment.
Plaintiff filed a memorandum in opposition to the motion for summary judgment, but placed no affidavits, additional depositions or other evidence before the trial court. Plaintiff also sought to strike Nickel's affidavit on the grounds that it contained conclusory statements, but the trial court denied the motion based on Nickel's *1020 personal knowledge of the circumstances of the accident as an eye-witness.
At the conclusion of the summary judgment hearing on July 22, 2002, the trial court granted the motion for summary judgment in favor of Defendants, dismissing the demands of Plaintiff. The trial judge stated that he granted summary judgment because there had been no showing of any fault or any negligence on the part of Gresham. The trial judge noted that Gresham's affidavit placed no blame on him and that Hamdan basically did not remember anything. Furthermore, the trial judge remarked that Nickel, whose affidavit the court specifically stated was not being considered for accident reconstruction purposes, said that he did not see anything that would indicate any fault or negligence on Gresham's part. Plaintiff now appeals, arguing that the trial court erred in granting Defendants' motion for summary judgment as there were material issues of genuine fact which precluded such a decision.

DISCUSSION
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action and the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Further, La. C.C.P. art. 966(C)(2) provides that:
Although the burden of proof remains with the movant, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but to point out the absence of factual support for one or more elements essential to the claim, action, or defense. If the adverse party then fails to produce factual support sufficient to establish that he can satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
Even though Plaintiff admits that Hamdan made a mistake in judgment in assuming that the westbound lane of Flournoy-Lucas Road was blocked by a train, Plaintiff argues that Gresham violated his duty to drive prudently given the existing conditions at the time of the accident. Since the traffic was congested at the railroad crossing, Plaintiff asserts that Gresham should have been driving at a lower rate of speed, that he should have been more observant and, therefore, that his actions were a contributing cause of the accident. We do not agree.
Gresham stated in his deposition that, although he was not watching his speedometer, he knew he was in no hurry and had been stopped at the red light, so he "couldn't be going too fast." He stated that he did not think he was traveling over the posted speed limit of 45 mph. Furthermore, as previously noted, Nickel indicated in his deposition that, at the time of the accident, Gresham did not appear to be speeding "or driving in anything but a safe manner." Although there was an intersection and a railroad track near the site of the accident, Gresham, who had been *1021 stopped at the red light at the intersection, had cleared both the intersection and the railroad track prior to the time of the accident. The only issue remaining is whether the presence of a line of traffic traveling in the opposite direction from Gresham required him to use extraordinary care in driving past that line of vehicles. We find that, when Gresham passed these vehicles, he was only required to use the ordinary standard of care that is expected and required of all drivers and that he did not have to take extraordinary precaution by driving even more prudently than the ordinary standard of care.
Plaintiff attempts to rely on the case of Lennard v. State Farm Mutual Automobile Insurance Company, 26,396 (La. App.2d Cir.1/25/95), 649 So.2d 1114, in support of the argument that Gresham was driving faster than was reasonable and prudent under the conditions existing at the time of the accident. In Lennard, the plaintiff was driving on one of the busiest roads in Minden, Louisiana, at a time when traffic was very heavy. The plaintiff was stopped in the inside lane of traffic, waiting to turn left across two opposing lanes of traffic and into a restaurant parking lot. A motorist in the opposite inside lane yielded the right of way to the plaintiff and motioned for him to proceed. The plaintiff was struck as he attempted to cross the outside opposing lane. Although most of the fault was assessed to the plaintiff, this court upheld a jury finding of fault on the part of the motorist who struck the plaintiff because of the combination of circumstances existing. The motorist who struck the plaintiff was driving in very heavy traffic, the sun was shining in her face and the traffic in the lane immediately to her left was congested as she approached the busy intersection. An eyewitness indicated it would have been more prudent for her to have slowed as she approached the intersection, and the investigating officer testified that she had ample space on the road in which to maneuver and avoid the accident.
The traffic conditions at the time of the accident in the case sub judice are dramatically different than those in Lennard and are too dissimilar to warrant a finding of fault on Gresham. Although Gresham did have traffic in the opposing lane, he was driving away from, not toward the intersection. There was no bright sun shining in his face and there was no restaurant, road or other obvious attraction for motorists on Gresham's side of the road. Also, the presence of a driveway to a residence, as opposed to a street or road, would not change our conclusion. Moreover, even if Gresham had some opportunity to avoid hitting Hamdan, he had nowhere to maneuver and avoid the accident on this two-lane road, which contained no shoulder on the side of the road. There has been no evidence presented to show that, when Gresham passed the vehicles in the eastbound lane, he was using anything less than the ordinary standard of care that is expected and required of all drivers.
Defendants have shown that there is an absence of factual support for the essential element of Plaintiff's claim that Gresham committed any negligence or had any fault in the accident. The burden, therefore, shifted to Plaintiff to show support sufficient to establish that she could satisfy her evidentiary burden of proof at trial. Plaintiff failed to come forward with evidence showing that Gresham was even partly negligent or partly at fault. For the foregoing reasons, we conclude that, since the evidence presented on summary judgment showed the absence of fault on the part of Gresham, there is no genuine issue of material fact in dispute in this case; and, therefore, summary judgment is appropriate. Plaintiff's assignment of error is without merit.

*1022 CONCLUSION
For the foregoing reasons, the judgment of the trial court against Plaintiff, Mary Hamdan, is affirmed. Costs of this appeal are assessed to Plaintiff, Mary Hamdan.
AFFIRMED.
NOTES
[1] Flournoy-Lucas is a two-lane road, running east and west and containing no shoulder on the side of the road; Highway One runs north and south, and a railroad runs parallel near the west side of the highway.