| STEWART, J.
This is an appeal from a suit alleging wrongful disclosure of financial information. The trial court granted summary judgments in favor of defendants, Case Credit Corporation and Sharon Sue Street, and against plaintiff, Eddie Ray Bryan, Jr. For the reasons set forth below, we affirm the trial court’s judgments.
FACTS
In September 2000, Eddie Ray Bryan, Jr., (“Bryan”) filed suit against Case Credit Corporation (“Case”), Street Insurance Agency, Sharon Sue Street (“Street”), Scott Financial Inc., Scott Financial Services, L.L.C., Scott Truck & Tractor, Inc., and Kathy Killian (“Killian”), seeking damages .for the alleged unlawful release of Bryan’s confidential financial information.
According to the petition for damages, Bryan’s former spouse is Wanda Jean Bryan (‘Wanda Jean”), the sister of defendant Street. In the summer of 1999, Bryan was involved in negotiations with his former spouse regarding the partition of their community property. He was also involved in a negotiation to purchase some farm equipment from Scott Truck &'Tractor. Bryan alleged in his petition that Kathy Killian, an employee of Scott Financial Services, L.L.C., used information gathered in the course of her employment to inform Wanda Jean and/or Street that Bryan was in the process of purchasing the farm equipment.
Bryan further alleged that on or about September 1, 1999, Street telephoned defendant, Case Credit Corporation, to inquire about his financial dealings. Bryan alleged that Street fraudulently identified herself as being his wife and that she requested confidential information regarding |2his financial dealings. Case allegedly failed to take any measures to determine the actual identity of the caller and disclosed Bryan’s confidential financial information to Street through a fax transmittal to “Sue at Street Insurance.” Bryan alleged that Street then disclosed his confidential financial information to Wanda Jean, who used the information against him in the course of their community property settlement negotiations.
In addition to the allegations regarding the unauthorized disclosure of his financial information, Bryan alleged that Street attempted to damage his reputation in the community where he conducted his business and personal affairs. As a result of these alleged acts, Bryan asserted that he had, suffered' significant economic detriment and severe emotional distress in the *956 form Of nightmares, headaches, chest pains, and elevated blood pressure.
On March 18, 2002, a motion for summary judgment was filed by Scott Financial, Inc., Scott Financial Services, L.L.C., Scott Truck & Tractor, and Kathy Killian. Ten days later, a motion for summary judgment was filed on behalf of Sharon Sue Street. This filing was followed by a motion for summary judgment on behalf of Case. All three motions for summary judgment were heard at the same time and subsequently granted with written reasons.
In the written reasons supporting the trial court’s summary judgments, the court observed that the detailed descriptive list filed in conjunction with the partition of community property between Bryan and Wanda Jean included a 5240 Case tractor which was leased by Bryan during the marriage. Pursuant to a judgment signed on November 5, 1997, Bryan 13was prohibited from alienating or disposing of any community property. Although the community property settlement had not been completed and Bryan was still enjoined from alienating property acquired during the marriage, he traded the 5240 Case tractor for a combine and headers at Scott Truck & Tractor on June 7, 1999. This trade-in resulted in a credit to Bryan of $6,006.12, which was put toward the purchase of the combine and headers.
The trial court found that Wanda Jean learned of the trade-in and then contacted Killian, who confirmed that the transaction had taken place, and provided Wanda Jean with a telephone number to Casé. According to the trial court, Wanda Jean testified in her deposition that she contacted Case, inquired about the transaction, and was provided with financial information regarding the trade-in of the tractor. Wanda Jean, a school teacher, also testified that she had Case fax the information to the Street Insurance Agency where she worked part-time in the afternoons after school. She then turned the information over to the attorney representing her in the community property negotiations.
The trial court found no support for Bryan’s assertion that Wanda Jean was at work teaching school at the time the phone calls were made to Case and that it was Street, not Wanda Jean, who called Case to obtain the financial information about the trade-in of the tractor. In opposition to the motions for summary judgment, Bryan filed the affidavit of the principal at the school where Wanda Jean taught. However, the trial court noted that this affidavit simply asserted that September 2, 1999 was a school day, that 14Wanda Jean was a teacher at the school, and that the time of the calls to Case occurred during regularly scheduled class times. The affidavit did not state that Wanda Jean was in class on that day and at those times.
With regard to the specific claims against Case, the trial court found that Bryan’s action for improper disclosure was based upon the provisions of La. R.S. 9:3571 and 6:333. The trial court further found that Wanda Jean had an ownership interest in the tractor as a co-owner even after the termination of the community, and that Bryan violated the injunction concerning alienation of community property when he traded in the tractor. The court found that Wanda Jean was entitled to the information that she received from Case, and that Case could not be held accountable for providing the information under the provisions La. R.S. 6:333. The trial court noted Bryan’s contention that Wanda Jean had waived her interest in the tractor during earlier settlement negotiations, but the trial court observed that no authentic act existed to prove Bryan’s allegations.
With regard to Bryan’s claims against Street, the trial court stated there was no *957 evidence in the record that connected Street to the disclosure of Bryan’s financial information. The trial court noted that Bryan based his claim on Case’s customer contact log which stated that Mrs. Bryan called on two occasions and requested the financial information to be faxed to the attention of Sue at Street Insurance Agency. However, the trial court also noted the testimony from Wanda Jean’s deposition stating that she made the phone calls and requested the documents to be faxed to Street Insurance Agency because she worked there part-time after school. The trial court |Ralso repeated its observation that the affidavit of the principal of the school where Wanda Jean taught did not state that she was in class during the times that the calls were made.
Bryan filed the instant appeal of the summary judgments in favor of Case and Street. He argues that there is no evidence to support the granting of these motions for summary judgment.
DISCUSSION
The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action; the procedure is favored and shall be construed to. accomplish these ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991); Hamdan v. State Farm Mutual Automobile Insurance Company, 36,883-CA (La.App.2d Cir.3/5/03), 839 So.2d 1017.
On appeal, Mr. Bryan’s argument essentially consists of a single paragraph:
A review of the Record shows that there is absolutely no competent evidence that was offered to support the Motion for Summary Judgment filed on behalf of Defendants Case and Ms. Street. It is respectfully submitted that this failure warrants | (¡reversal of the summary judgment in favor of Case and Ms. Street.
Although it has been said that good things,when short, are twice as good, we do not find this saying applicable to Bryan’s unhelpful argument. Furthermore, we are compelled by our de novo review of the entire record to conclude that there is competent evidence supporting the trial court’s summary judgments.
Initially, we note that for the summary judgments in favor of Street and Case to be proper, there must be no genuine issue of material fact on two points: (1) the financial information at issue was disclosed to Wanda Jean and not to Street; and (2) Wanda Jean was a person authorized by statute to receive the financial information from Case regarding the trade-in of the tractor. The record establishes that there is no genuine issue of material fact as to either of these points.
Bryan argued before the trial court that the financial information was released to Street because the fax was to be sent to her at the Street Insurance Agency, and'because the telephone calls to Case were made at a time when Wanda Jean ordinarily would be teaching class. However, the fact that the calls were made at a time when Wanda Jean would ordinarily be teaching does not indicate that she was actually in class on that day or at *958 that time. Instead, it would be an easy matter for a teacher to make telephone calls while at school. Furthermore, Killi-an’s affidavit specifically states that Wanda Jean contacted her to ask about Bryan’s purchase of a combine, and that Killian gave Wanda Jean the phone number to Case. Even more significantly, the trial court’s reasons for judgment noted that IvWanda Jean testified in her deposition that she had a conversation with Killian and obtained the telephone number to Case from Killian. Wanda Jean also testified that she then contacted Case, inquired about the transaction, and was provided the financial information which was faxed at her request to the Street Insurance Agency where she worked part-time.[1]
Given the evidence before the trial court, we conclude that there is no genuine issue of material fact as to who contacted Case to obtain the financial information regarding the trade-in of the 5240 Case tractor by Bryan. All the direct evidence on the issue of the caller’s identity establishes that it was Wanda Jean, not Street, who obtained the information from Case. Case’s records show that the caller identified herself as Mrs. Bryan. The deposition testimony of Wanda Jean and the affidavit of Kathy Killian establish that Wanda Jean made the call. Bryan’s claim that Street made the call and obtained his private financial information is not supported by any specific facts showing an issue for trial. Accordingly, summary judgment in favor of Street was properly granted.
In addition, there is no genuine issue of fact as to whether Wanda Jean was authorized under the provisions of La. R.S. 6:333 to obtain the financial records at issue from Case. As pointed out by the trial court, Case | shad authority to disclose the financial records dealing with the trade-in of the tractor “to any person having any ownership or joint interest in an account to which the financial records pertain .... ” La. R.S. 6:333(F)(9). There is no question that the 5240 Case tractor had been leased during the marriage. Moreover, at the pertinent times, Wanda Jean and Bryan, although divorced, had not yet divided the former community property, and there was an injunction in place prohibiting the alienation or encumbrance of property obtained during the marriage. Thus, Wanda Jean clearly had an ownership or joint interest in the tractor which entitled her to obtain financial information from Case Credit pertaining to that account.
We are not persuaded by Bryan’s argument before the trial court that Wanda Jean “released” or “waived” her interest in the 5240 Case tractor during property settlement negotiations because she allegedly had no interest in property worth less than the amount owed on it and wanted only cash. We do not find that the alleged “waiver” or “release” by Wanda Jean during the course of negotiations amounted to a formal release of the 5240 Case tractor for partition purposes, especially as it ap *959 pears the tractor obviously had some cash value attributable to the community. The statements allegedly made by Wanda Jean during the course of property settlement negotiations can only be viewed in this context as statements of her willingness to allow certain items of property to be treated in a particular way in the final partition. The alleged “waiver” or “release” did not override the existing injunction nor amount to more than statements simply made during negotiations toward a future partition. In particular, the |flalleged statements would not have prevented her from obtaining the financial information at issue. Accordingly, summary judgment in favor of Case was also properly granted.
CONCLUSION
For the reasons set forth above, we affirm the trial court’s judgments at appellant’s costs.
AFFIRMED.

. Although Wanda Jean's affidavit does not appear in the appellate record, the trial court plainly reviewed the affidavit, and we have no reason to doubt either that the affidavit was properly a part of the record, or that the trial court's statements concerning the contents of the affidavit were correct. Furthermore, an appellant has a duty to secure either a transcript of testimony or a narrative of the facts, and inadequacy of the appellate record is imputable to the appellant. See Barrois v. Wal-Mart Stores, Inc., 97-636 (La.App. 5th Cir. 11/25/97), 703 So.2d 798. In the context of an appellant seeking review of summary judgment, the appellant likewise has a duty to be sure that all affidavits submitted either in support of or in opposition to the motion for summary judgment are included in the appellate record, and any inadequacy in this respect is imputable to the appellant.