hYELVERTON, Judge.
Michael Colvin brings this appeal from a judgment which, in part, ordered him to pay Melani Colvin, his former wife, $9,358.70 in child support arrearages and $3,500.00 for attorney’s fees. Michael contests only these amounts ordered paid under the judgment.
He makes the following assignments of error:
1. The Trial Court’s ruling is manifestly erroneous and contrary to the law and evidence, inasmuch as the trial 12court erred in failing to consider positive direct proof of payment of child support.
2. The trial court erred in finding that the Plaintiff-Appellant owed arrearages.
3. The Trial Court erred in awarding attorney’s fees in the amount of $3,500.00.
Discussion of Assignments of Error 1 and 2:
The trial judge stated in his judgment that he was basing his decision on “a careful consideration of the evidence presented, including the record as a whole and the testimony of all of the parties, and after a careful *355 review of all of the exhibits introduced into evidence....” By designation of Michael, the record on appeal contains only the following items:
1. The minutes of the court;
2. Michael’s petition for divorce, filed February 16,1993;
3. Plaintiffs exhibit 10 which contains a chart and copies of checks indicating payments made to Melani and introduced by Michael in support of his contention that he did not owe child support arrearages;
4. Defendant’s exhibits 5, 6, 7, and 8, which contain Melani’s charts of the payments made by Michael and copies of checks written by Michael to Melani and various third persons; and
6. The judgment on the rule from which Michael appeals.
In his brief on appeal Michael’s “Statement of the Facts” tells us that “[t]he facts which this court must consider in order to decide this appeal are contained in Plaintiffs Exhibit P-10 ... and Defendant’s Exhibits D-5 ..., D-6 ..., and D-8_ ” Later in the brief, still under “Statement of the Facts,” appellant declares that 13“[i]t is the duty of this Honorable Court to examine this evidence, as it was the Trial Court’s duty to examine, and which the trial court failed to do.” Finally, his brief states that “[a] review of the designated record will establish that the trial court’s finding is clearly wrong (manifestly erroneous).” It is apparent to us that appellant believes we must try the ease de novo limited to the portions of the record before us.
It appears that the dispute at the trial was whether some of the payments made by Michael were for child support or for something else. The trial lasted two days. We do not have the benefit of any testimony and of several other exhibits which were presented to the trial court. While La.Code Civ.P. art. 2128 allows the appellant to designate the portions of the record that he considers necessary for his appeal, the appellant has a duty to provide the portions which are in fact necessary. Where factual issues are involved, the lack of a transcript or narrative of facts is imputable to the appellant. Succession of Walker, 288 So.2d 328 (La.1974); Traylor v. Traylor, 337 So.2d 922 (La.App. 3 Cir.1976); Miller v. Potier, 94-1000, (La.App. 3 Cir. 2/1/95); 649 So.2d 1130.
If we were to consider only the evidence presented to us, we would have to agree that the arrearage award is incorrect. Based strictly on a comparison of the support payment charts and the copies of checks presented by the parties, we would calculate arrearages in the amount of $2,493.70. This is based on checks and cash receipts for payments made by Michael to Melani between October 1993 and November 1996. However, we are left with several questions. While it appears that Michael was ordered to pay $800.00 per month, we were not provided with á copy of the original judgment. What did it contain? Did it order something on top of the |4$800.00 per month? In brief, Melani indicates that Michael, an attorney, was also ordered to pay more child support whenever he earned an attorney fee in excess of $5,000.00. La.R.S. 9:310 provides that child support awards shall be retroactive to the filing date of the petition for child support. To what date was the judgment retroactive? The trial judge was presented-with two days of testimony. Could he have reasonably concluded that some of the payments were for something other than child support?
These and many other questions are factual in nature, not questions of law. A trial court’s evaluation of credibility and its factual determinations will not be disturbed on appeal unless the trial court’s decision is manifestly erroneous. Edwards v. Edwards, 446 So.2d 976 (La.App. 3 Cir.1984). We must presume the trial court’s judgment is supported by competent evidence. St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 1 Cir. 1982). It is appellant’s burden to overcome that presumption and prove manifest error. Without the benefit of the evidence presented to the trial court, we cannot say that its judgment was erroneous.
Discussion of Assignment of Error 3:
La. R.S. 9:375(A) provides that “[w]hen the court renders judgment in an action to make executory past-due payments *356 under a spousal or child support award ... it shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.” The amount of this award is within the trial court’s sound discretion. Goss v. Goss, 95-1406 (La.App. 3 Cir. 5/8/96); 673 So.2d 1366.
Michael argues that “good cause exists for not awarding attorney’s fees in this case since the record actually reflects that there was no arrearage due at the time |sof trial.” Since we find that there were arrear-ages due, this argument lacks merit. Michael has not argued any other ground for a finding of good cause, and from our review of the record, we conclude that awarding $3,500.00 to Melani for attorney’s fees was within the sound discretion of the trial court.
Melani has requested attorney’s fees for the preparation of the appellate portion of this case. She is entitled to an increase. Zatzkis v. Zatzkis, 632 So.2d 302 (La.App. 4 Cir.1993), writ denied, 94-157 (La.6/24/94); 640 So.2d 1340. We award $1,000.00.
The judgment of the trial court is affirmed at Michael’s cost.
AFFIRMED.