900 So.2d 52 (2005)
Douglas Gene OLSON
v.
Catherine Marx, Wife of Douglas Gene OLSON.
No. 04-CA-1137.
Court of Appeal of Louisiana, Fifth Circuit.
March 1, 2005.
*53 Rachel C. Marinovich, New Orleans, LA, for Plaintiff/Appellant.
Wiley J. Beevers, Raylyn R. Beevers, Steven M. Mauterer, Beevers & Beevers, Gretna, LA, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Plaintiff/appellant Douglas Eugene Olson appeals a judgment denying his Rule to Reduce Child Support. On January 11, 2000, Olson filed a Petition For Divorce from Catherine Marx based on La. C.C. Art. 102. In the petition, Olson asked for joint custody of the three children of the marriage, with himself designated as the primary domiciliary parent. Olson further stated that Marx intended to move to the state of Georgia with her boyfriend, and thus he requested provisional custody pending a hearing, along with a temporary restraining order, use and occupancy of the family home, child support, and various other forms of relief.
Olson states in brief that the parties entered into an interim custody agreement in September 2000. However, this agreement does not appear in the appellate record. A Motion to Relocate was apparently filed by Marx, and a Rule to Set Custody and Visitation filed by Olson, but again, these motions are not in the record on appeal. On August 11, 2001, the trial court found that the proposed relocation was not in the best interest of the children, and that motion was denied. Joint custody of the children was granted to both parties, with primary care in favor of Marx provided that she remains domiciled in the state of Louisiana. The parties were ordered to submit a Joint Custody and Visitation Order.
On August 21, 2001, Olson filed a Petition For Injunctive Relief, For Modification of Custody (Specifically, For Re-Designation Of Primary Domiciliary Parent) And For Reduction In Child Support. In the pleading, Olson alleged that Marx decided to remove the children from their *54 private schools and enroll them in public schools without conferring with him, and asked that she be restrained from doing so, urging that Marx's income had increased since her remarriage, and that there was no economic reason for the change. Olson further alleged emotional abuse of the children, and that Ryan refused to return to Marx's home following a visit with his father. The court was requested to modify the custody arrangement and Olson asked that he be fully reimbursed for school tuition and other expenses paid on behalf of the children for the 2001-2002 school year. He further alleged that Marx's remarriage and increase in income constituted a change in circumstances so as to warrant a decrease in child support.
On August 22, the parties submitted a Joint Custody Implementation Plan And Order which was signed by the trial court. The next pleading in the record is a Rule To Modify Child Support Judgment filed by Marx in January 2002, alleging that she had lost the benefit of an income tax reduction for her portion of child support, and thus she suffered a significant reduction in her disposable earnings. She further alleged that Olson's income had increased.
Following trial of Olson's Rule To Reduce and Marx's Rule To Modify, the court denied a reduction and ordered the previously ordered child support to remain in effect. It is from this judgment that Olson appeals.
The appellate record was designated for purposes of this appeal, and does not include a transcript of the trial, which was apparently argued for two days. We do have an envelope of exhibits admitted at trial consisted chiefly orthodontist bills on behalf of Ryan, as well as some e-mail from Marx.
The original order of child support is not in the record, although Marx's Rule To Modify indicates that on May 14, 2001, Olson was ordered to pay the sum of $1350.00 per month for the three children.
A worksheet ("A") dated February 21, 2003, submitted by Olson, indicates that Olson's monthly gross income at that time was $8100.00, and that Marx's gross income was $6265.00. A second worksheet ("B") dated May 29, 2003, purportedly ordered by the court (again, not a matter of record), indicates the same monthly gross income for both parties, with an additional attached sheet indicating extraordinary expenses such as school tuition, uniforms, etc.
Olson argues that the August 2001 Joint Custody Implementation Plan increased his physical access to his children to more than 45% of the time, and that the court erred failing to consider this a change in circumstances sufficient to justify a reduction in support. Appellant argues error in factual determinations made by the trial court, and urges that his physical custody or visitation with his children justifies a reduction in support. In brief, he states that worksheet "B" should have been used by the trial court because the parties have a "shared" custody order, citing La. 9:315.20. That statute provides a determination of support based, in pertinent part, on the actual percentage of time the children spend with each parent
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. The appellant may designate the record limiting it to such portions which he desires to constitute the record on appeal. La. C.C.P. art. 2128. The appellant has the duty to secure either a transcript of the testimony or a narrative of facts; and the inadequacy of the *55 record, if any, is imputable to the appellant.[1]
An appellate court is forbidden by the law and jurisprudence to consider evidence which is outside the record on appeal . . . It is also well established that the appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider, on appeal, facts referred to in appellate briefs if those facts are not in the record that is lodged in the appellate court.[2]
The record is devoid of any indication as to Olson's visitation/physical custody obligation prior to August 22, 2001. There is no evidence of a change in income of either party. Assuming La. R.S. 9:315.9 is applicable to the case, there is no evidence of the actual percentage of time the children spend with Olson. These and other questions are factual in nature, not questions of law. We must presume the trial court's judgment is supported by competent evidence.[3] It is appellant's burden to overcome that presumption and prove manifest error. Without the benefit of the evidence presented to the trial court, we cannot say that its judgment was erroneous.
In such cases where the record contains neither a transcript nor a narrative of facts agreed to by the parties, there is nothing for appellate review and the trial court's ruling is presumed correct.[4] On the record before us, we see no error in the determination by the trial court to deny Olson's Rule. The judgment is affirmed, and costs are assessed to Olson.
AFFIRMED.
NOTES
[1] Barrois v. Wal-Mart Stores Inc., 97-636 (La.App. 5 Cir. 11/25/97), 703 So.2d 798. See also Colvin v. Colvin, 97-749 (La.App. 3 Cir. 12/10/97), 704 So.2d 353, writ denied, 95-2653 (La.1/5/96), 667 So.2d 522.
[2] First National Bank of Commerce v. Keyworth, 98-1255 (La.App. 5 Cir. 6/1/99), 738 So.2d 110, citing Barrois v. Wal-Mart Stores Inc., supra.
[3] St. Pierre v. St. Pierre, 425 So.2d 254 (La.App. 1 Cir.1982).
[4] Cooke v. Allstate Ins. Co., 93-1057 La.App. 4 Cir. 4/14/94, 635 So.2d 1330, writ denied 94-1257 (La.9/2/94), 659 So.2d 496.