# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 06-1223

DONALD FRANK

VERSUS

JOSIE FRANK

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT,
PARISH OF ST. LANDRY, NO. 05-0264,
HONORABLE ROBERT BRINKMAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

**AFFIRMED AS AMENDED.**

Salvador M. Brocato, III
Attorney at Law
800 N. Causeway, Suite 100
Metairie, Louisiana 70001
(504) 832-7225
Counsel for Plaintiff/Appellant:
    Donald Frank

Pride J. Doran
Jermaine D. Williams
Williams & Doran, P.L.L.C.
Post Office Box 3687
Lafayette, Louisiana 70502
(337) 235-3989
Counsel for Defendant/Appellee:
    Josie Frank

**Leslie J. Schiff**
**Schiff Law Corporation**
**Post Office Box 10**
**Opelousas, Louisiana 70571-0010**
**(337) 942-9771**
**Counsel for Appellee:**
    **Louisiana Indigent Defense Assistant Board for St. Landry Parish**

SULLIVAN, Judge.

In this legal malpractice matter, the plaintiff appeals the trial court's apportionment of 80% fault to him and general damage award of only $7,500. We amend the trial court's apportionment of fault and affirm the remainder of the judgment.

### Facts

Donald Frank was arrested on January 22, 2001, in St. Landry Parish for simple burglary of an inhabited dwelling and possession of a controlled dangerous substance. When Mr. Frank was arrested, he was on parole for forcible rape, and a parole hold was placed on him. A magistrate's hearing was held on January 24, 2001. At that hearing, Josie Frank, a contract attorney with the Indigent Defender Board, was appointed to represent Mr. Frank.

Mr. Frank was formally charged with simple burglary of an inhabited dwelling on April 6, 2001, and his arraignment on the charge was scheduled for April 27, 2001. Before the arraignment, Mr. Frank was transferred from the St. Landry Parish jail to the Louisiana Correctional Center at Basile. He was later transferred to the state prison at Pine Prairie. He did not appear at the arraignment because he was unaware of it and the State did not transport him to court. At the time of his arraignment, neither Ms. Frank nor any of the court personnel knew of Mr. Frank's transfer from the St. Landry Parish jail. As a result of his failure to appear at his arraignment, a warrant was issued for his arrest. The arraignment was rescheduled for May 25, 2001. However, as before, Mr. Frank did not appear because he was not notified of it and the State did not have him transported to appear in court. Consequently, the warrant for his arrest was reissued.

Mr. Frank remained incarcerated until November 8, 2002, when he was released for good time on his parole hold. Neither Ms. Frank nor Mr. Frank attempted to contact the other during that period. Mr. Frank did not contact Ms. Frank after he was released from prison.

On March 26, 2004, Mr. Frank was stopped for a traffic violation. During the stop, the officer learned of the outstanding bench warrant and arrested him. Mr. Frank and Ms. Frank met for the first time when he was arraigned on April 23, 2004. Mr. Frank testified that he knew when he was incarcerated in Pine Prairie that if two years passed without his being prosecuted on the simple burglary charge a motion to quash could have been filed. He also testified that he asked Ms. Frank about filing a motion to quash the simple burglary charge, but she told him that the law had changed and that she did not believe the motion would be successful. Mr. Frank claims that he met with Ms. Frank four or five times while he was incarcerated in 2004, that he asked her to file a motion to quash each time, and that she refused, citing a change in the law.

Ms. Frank testified that her usual process was to meet with a client within thirty days of being notified of her appointment of representation. She admitted that she did not meet with Mr. Frank within that thirty-day period; however, she testified that she went to the parish jail to meet with him, but he was not there. She further testified that when he did not appear in court in April and May 2001 she assumed he was no longer in jail because he would have been brought to court from the jail if he had been in jail.

Ms. Frank acknowledged that she must have questioned Mr. Frank's absence when she went to interview him at the jail, as she was told that he had been

2

transferred to Basile. She admitted that she did not make any communications with the Basile facility. She also testified that when she appeared for the April 27, 2001 arraignment, she informed the trial court that Mr. Frank was not present, but the trial court did not ask if she knew where he was, and she did not volunteer any information.

Ms. Frank admitted that the time limitation for bringing Mr. Frank to trial on his simple burglary of an inhabited dwelling charge lapsed on April 9, 2003, and that she did not file a motion to quash. However, she testified that Mr. Frank told her he wanted to participate in the trial court's drug program because he had a drug problem. She further testified that she told Mr. Frank he needed to provide her with documentation regarding his incarceration and release from prison before she could file a motion to quash, but he did not do so. Mr. Frank denied telling Ms. Frank that he had a drug problem and that he wanted to participate in the trial court's drug program. Ms. Frank explained that at her first meeting with Mr. Frank she recommended that he go with the drug court option first because she did not have, and he did not provide to her, the documentation necessary to prepare and file a motion to quash.

Mr. Frank appeared in court on August 2, 2004. Ms. Frank informed the trial court that he was being evaluated for the Drug Court Program. The court minutes also reflect that "[t]he defendant waives all prescriptive delays in this matter." Mr. Frank next appeared in court on August 27, 2004, at which time the trial court was informed that he had been rejected for the drug program.

In October 2004, Mr. Frank wrote a letter to the trial court complaining of Ms. Frank's representation. The Indigent Defender Board's chief administrator was

3

notified of Mr. Frank's letter, and after investigating the matter, he filed a motion to quash on October 14, 2004. The motion was immediately granted, and Mr. Frank was released that day.

The trial court found that Ms. Frank committed malpractice in her representation of Mr. Frank and awarded him general damages in the amount of $7,500; the trial court assessed Mr. Frank with 80% fault and denied his claim for loss of earnings. Mr. Frank appeals the finding of fault on his part and the award of only $7,500 in general damages.

## *Discussion*

### *Apportionment of Fault*

An appellate court may reallocate fault only after finding an abuse of the trial court's discretion and then only to the highest or lowest percentage of fault reasonably within the trial court's discretion. *Clement v. Frey*, 95-1119, 95-1163 (La. 1/16/96); 666 So.2d 607.

The trial court held that Ms. Frank committed malpractice when she:

[F]ail[ed] to file a motion to quash, after the two year period to bring plaintiff to trial had run its course. This took place after plaintiff had broached the subject with defendant. Plaintiff testified that defendant wanted him to go to Drug Court. Defendant admitted this fact.

Apparently, the trial court accepted Ms. Frank's testimony that Mr. Frank wanted to participate in the drug program, not Mr. Frank's testimony that he was going to participate in the program only because Ms. Frank recommended it to him. Review of the entire record shows that this credibility determination is not clearly wrong or manifestly erroneous. *Stobart v. State, Dept. of Transp. and Dev.*, 617 So.2d 880 (La.1993). The trial court also observed that Mr. Frank was on probation for another crime until August 14, 2004. The record does not indicate that a hold was

issued because of Mr. Frank's violation of his probation; however, we do not find it error for the trial court to consider this as a factor in assessing fault to Mr. Frank.

Mr. Frank was forty-seven at the time of trial. He testified that he had four felony convictions and had been in and out of prison since he was eighteen years old. He knew his rights regarding a motion to quash the simple burglary charge while he was incarcerated in the Pine Prairie facility. Therefore, he could have contacted Ms. Frank from prison or when he was released from prison in November 8, 2002, to have her file a motion to quash; he did not do so. Furthermore, he appeared in court on August 2, 2004, and represented to the trial court that he wanted to participate in the drug program.

We have considered the evidence in light of the factors enumerated by the supreme court in *Watson v. State Farm Fire & Casualty Insurance Co.*, 469 So.2d 967 (La.1985), and find no error with the trial court's assessment of 80% fault to Mr. Frank from the time of his arrest in March 2004 until August 27, 2004, when Ms. Frank notified the trial court that his request to participate in the drug program had been rejected.

Ms. Frank testified that she relied on Mr. Frank to provide her with documentation of his incarceration. However, the record of that proceeding indicates that there was no documentation required to file the motion to quash, *see* La.Code Crim.P. arts. 578-583, and the trial court observed that Ms. Frank "did not offer a logical explanation in her testimony . . . as to why she did not file a motion to quash." Accordingly, once Mr. Frank was rejected for participation in the drug program on August 27, 2004, there is no justification for Ms. Frank not having filed a motion to quash. Accordingly, we find no basis for assessment of fault to Mr. Frank from

August 27, 2004, until his release on October 14, 2004, and assess Ms. Frank with 100% fault for that period of time.

***Damages***

Mr. Frank urges that the trial court's award of $7,500 in damages for his wrongful incarceration was error. Our review of the trial court's general damage award is guided by *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994), where the supreme court held that the trier of fact has "vast" discretion in awarding damages and that an appellate court should rarely disturb a general damage award. The initial inquiry on appeal is "whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the 'much discretion' of the trier of fact." *Id.* at 1260.

Mr. Frank had four felony convictions and had been in and out of prison since he was eighteen years old. He apparently wanted to participate in the trial court's drug program and remained in jail for some time for this reason. Under the facts presented herein, we find no abuse in the trial court's general damage award of $7,500.

***Motion to Supplement Record***

Mr. Frank filed a motion to supplement the record in which he requests that the appellate record be supplemented to include pre-trial and post-trial memoranda. An appellate court must render its judgment upon the record on appeal. La.Code Civ.P. art. 2164. The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions,

6

judgments and other rulings, unless otherwise designated. La.Code Civ.P. arts. 2127 and 2128.

Mr. Frank urges that the briefs at issue were filed with the trial court but not included in the record. The briefs may have been provided only to the trial judge for his consideration and/or filed with the clerk's office, but the record does not establish that they were introduced into evidence; therefore, they are not part of the record on appeal. *Tranum v. Hebert,* 581 So.2d 1023 (La.App. 1 Cir.), *writ denied*, 584 So.2d 1169 (La.1991). The motion to supplement the record is denied.

### *Disposition*

The judgment of the trial court is amended to assess Josie Frank with 100% fault for the period of time from August 27, 2004 through October 14, 2004. It is affirmed in all other respects. The motion to supplement the record is denied. Costs of the appeal are to be divided equally between the parties.

**AFFIRMED AS AMENDED.**