NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-712

STANLEY LOUIS SHEPPARD

VERSUS

WILLIAM N.M.I SHEPPARD SR. AND BEAULAH M. SHEPPARD
REVOCABLE LIVING TRUST

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 137,279-G
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CHARLES G. FITZGERALD
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Charles G. Fitzgerald, Judges.

AFFIRMED.

**Stanley Louis Sheppard**
**5415 Avery Island Road**
**New Iberia, LA 70560**
**Plaintiff-Appellant**
**In Proper Person**


**Maudry M. Vernon**
**Post Office Box 712**
**Lompoc, CA 93438**
**Defendant-Appellee**
**In Proper Person**

**FITZGERALD, Judge.**

In this appeal, we are asked to review the trial court's judgment denying Plaintiff's action for trustee removal.

In April 2021, the plaintiff, Stanley Louis Sheppard, filed a Petition for Emergency Removal of Trustee Maudry M. Vernon. In response, Maudry answered the petition, denying all allegations of wrongdoing.

Trial was held on July 16, 2021. After taking the matter under advisement, the trial court rendered a final judgment denying Stanley's request. The trial court's judgment was signed on July 21, 2021. Written reasons were also issued and signed on July 21, 2021. Stanley appealed.

## LAW AND ANALYSIS

Ordinarily, we would turn our attention to Stanley's specific assignments of error. However, shortly after perfecting his appeal, Stanley moved the trial court to designate only certain portions of the record under La.Code Civ.P. art. 2128. The trial court, in turn, granted his motion. But Stanley's record-designation specifically excluded the trial transcript. In effect, we have no evidentiary record to review.

Faced with a similar dilemma, the fifth circuit in *Dileo v. Horn*, 15-684, p. 8 (La.App. 5 Cir. 3/16/16), 189 So.3d 1189, 1196-97, explained as follows:

> The appellate court shall render a judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. La. C.C.P. art. 2128 provides that an appellant may designate the record and limit the portions which he desires to constitute the record on appeal. The duty to secure a transcript of the testimony lies with the appellant, and any inadequacy in the appellate record is imputable to the appellant. *Olson v. Marx*, 04-1137 (La.App. 5 Cir. 3/1/05), 900 So.2d 52, 54-55. When the record does not contain a necessary transcript, "there is nothing for appellate review and the trial court's ruling is presumed correct." *Id*. at 55.[1]

_____

[1] *See also Miller v. Miller*, 480 So.2d 789, 794 (La.App. 3 Cir. 1985), *writ denied*, 481 So.2d 1337 (La.1986) ("In cases where factual issues are involved and the record on appeal

Without the July 16, 2021 transcript, it is impossible for us determine whether the trial court manifestly erred in denying Stanley's request to remove Maudry as trustee. Thus, we are relegated to applying the presumption that the trial court's judgment is supported by competent evidence. The judgment is therefore affirmed.

## DECREE

For the above reasons, we affirm the trial court's judgment of July 21, 2022. The costs of this appeal are assessed to the plaintiff, Stanley Louis Sheppard.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules, Courts of Appeal, Rule 2-16.3

---

contains no transcript, nor a narrative of the facts, the courts apply the presumption that the trial court's judgment is supported by competent evidence.").