NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 24-484


JOHNNY WIMBLEY AND MARIE WIMBLEY

VERSUS

MCLINEY CENTERS, LLC, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 266,329
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Jonathan W. Perry, Judges.


MOTION TO SUPPLEMENT GRANTED.

**Brian Timothy Butler**
**Keogh, Cox & Wilson, Ltd.**
**PO Box 1151**
**Baton Rouge, LA 70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANT APPELLANT:**
 **Travelers Property Casualty Co. of America**
 **McLiney Centers, LLC**
 **The Travelers Indemnity Company**
 **Sutherlands Home Base**
 **Edward Acevedo**

**Brian M. Caubarreaux**
**Brian Caubarreaux & Associates**
**2204 MacArthur Drive**
**Alexandria, LA 71301**
**(318) 253-0900**
**COUNSEL FOR PLAINTIFF APPELLEE:**
 **Johnny Wimbley**
 **Marie Wimbley**

**Katelyn B. Courville**
**NeunerPate**
**1001 W. Pinhook Rd., Ste. 200**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT APPELLANT:**
 **Travelers Property Casualty Co. of America**
 **McLiney Centers, LLC**
 **The Travelers Indemnity Company**
 **Sutherlands Home Base**
 **Edward Acevedo**

**Robert D. Guidry**
**Neuner Pate**
**1001 W. Pinhook Road**
**Lafayette, LA 70505**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT APPELLANT:**
 **Edward Acevedo**
 **The Travelers Indemnity Company**
 **Sutherlands Home Base**
 **Travelers Property Casualty Co. of America**
 **McLiney Centers, LLC**

**Frank X. Neuner, Jr,**
**NeunarPate**
**1001 W Pinhook Rd, Ste 200**
**Lafayette, La 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANT APPELLANT:**
 **Edward Acevedo**
 **The Travelers Indemnity Company**
 **Sutherlands Home Base**
 **Travelers Property Casualty Co. of America**
 **McLiney Centers, LLC**

**GREMILLION, Judge.**

In this matter, Appellants, McLiney Centers, L.L.C. D/B/A Sutherland's Home Base, Travelers Property Casualty Company of America, and the Travelers Company come before the court on an ex parte motion to supplement the record. For the following reasons, their motion to supplement the record is hereby granted.

This matter is currently before this court on appeal from the trial court's granting of the Plaintiffs' Motion for Spoliation and subsequent granting of an adverse presumption in favor of the Plaintiffs. During their review of the record, Appellants discovered that multiple pleadings and documents were not contained in the record, including (1) the Appellants' Motion for Summary Judgment, (2) the Appellants' Memorandum in Support of its Motion for Summary Judgment, (3) the Appellees' Motion for Spoliation of Evidence, (4) the Appellees' Memorandum in Opposition to the Appellants' Motion for Summary Judgment, and (5) the Motion for Spoliation of Evidence, and all the exhibits to said filings. Feeling those documents were necessary for their appeal, Appellants filed the current Motion to Supplement the Record on Appeal. Plaintiffs conceded that the record would require supplementation as to their Motion for Spoliation of Evidence and the corresponding exhibits, but object to the supplementation as to the other items sought by Appellants.

"[T]he appellant is responsible for the record on appeal." *Daigle v. LaPoint*, 14-410, p. 5 (La.App. 3 Cir. 11/5/14), 150 So.3d 599, 603. "[T]he appellant has a duty to provide the portions which are *in fact* necessary." *Colvin v. Colvin*, 97-749, p. 3 (La.App. 3 Cir. 12/10/97), 704 So.2d 353, 355. Designation of the record is addressed in Louisiana Code of Civil Procedure articles 2128 and 2132, and Uniform Rules—Courts of Appeal, Rule 2–1.17. Louisiana Code of Civil Procedure Article 2128 provides (emphasis added):

The form and content of the record on appeal shall be in accordance with the rules of the appellate court,[1] except as provided in the constitution and as provided in Article 2128.1. However, . . . **the appellant may designate** in a writing filed with the trial court such portions of the record which he desires to constitute the record on appeal. . . . [T]he other party . . . may also designate in a writing filed with the trial court such other portions of the record as he considers necessary. . . . [A] party or the trial court may cause to be filed thereafter any omitted portion of the record as a supplemental record. **When no designation is made, the record shall be a transcript of all the proceedings as well as all documents filed in the trial court.**

Louisiana Code of Civil Procedure Article 2132 states that:

A record on appeal . . . which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.

"The record on appeal is that which is sent by the trial court to the appellate court and includes the pleadings, court minutes, transcript, jury instructions, judgments and other rulings, *unless otherwise designated*. La.Code Civ.P. arts 2127 and 2128." *Frank v. Frank*, 06-1223, pp. 6-7 (La.App. 3 Cir. 2/7/07), 948 So.2d 1224, 1228 (emphasis added). Here, no designation was made limiting the evidence to be placed in the record. Accordingly, under Louisiana Code of Civil Procedure Article 2128, the record was to be a full transcript of *all* the proceedings, as well as *all* documents filed in the trial court below, including those currently sought to be included in the record by the Appellants. Appellants claim that the filings they seek to have added to the record are all critical to their appeal. Appellants do not seek to supplement the record with any evidence or testimony that is outside the record, and Plaintiffs have not demonstrated to this court that they will be prejudiced by the supplementation of the record. *See Carter*, 623 So.2d 10.

For these reasons, Appellants' motion to supplement the record is granted. The Clerk of the Ninth Judicial District Court, Parish of Rapides, is ordered to prepare and

_____

[1] Uniform Rules—Courts of Appeal, Rule 2–1.17 states that "the parties may designate, in writing, portions of the record to constitute the record on appeal, as provided by law."

transmit to this Court by October 24, 2024, a supplemental record, in duplicate, containing the complete record, including but not limited to (1) the Appellants' Motion for Summary Judgment, (2) the Appellants' Memorandum in Support of its Motion for Summary Judgment, (3) the Appellees' Motion for Spoliation of Evidence, (4) the Appellees' Memorandum in Opposition to the Appellants' Motion for Summary Judgment, and (5) the Motion for Spoliation of Evidence, and all the exhibits to said filings. *See* La.Code Civ.P. art. 2128. Costs for this supplemental record are assessed to Appellants, McLiney Centers, L.L.C. D/B/A Sutherland's Home Base, Travelers Property Casualty Company of America, and the Travelers Company.

**MOTION TO SUPPLEMENT GRANTED.**