703 So.2d 798 (1997)
Mildred BARROIS
v.
WAL-MART STORES, INC.
No. 97-CA-636.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1997.
Rehearing Denied January 20, 1998.
Mildred D. Barrois, New Orleans, for Plaintiff/Appellant, in proper person.
Thomas P. Anzelmo, Keith M. Matulich, Shannon K. Lowry, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, for Defendant/Appellee Wal-Mart Stores, Inc.
Before BOWES, DUFRESNE and WICKER, JJ.
*799 BOWES, Judge.
Plaintiff, Mildred Barrois, in proper person, appeals a judgment of the district court in favor of the defendant, Wal-Mart Stores ("Wal-Mart"), dismissing her claim with prejudice. We affirm.
Mrs. Barrois filed suit against Wal-Mart in October of 1994, averring that on February 7, 1994 she was shopping with her daughter at Sam's Wholesale Club (owned and operated by Wal-Mart) when she was suddenly and violently struck with a large flatbed shopping dolly being moved by an unknown person in a store aisle.
As a result of the accident, Mrs. Barrois claimed to have suffered painful injuries to her leg. After reporting the incident to the manager, plaintiff claimed that the manager failed to write a report, failed to assist her or to take any action in regard to the matter. Plaintiff claimed that defendant was negligent in failing to maintain safe premises, failing to have adequate space in the aisles for maneuvering the dollies, failing to warn customers of the unreasonable dangerous conditions, failing to investigate and provide assistance, and reckless disregard for the safety of others.
Following trial on the merits, the trial court dismissed plaintiff's case with prejudice. On appeal, plaintiff complains in her pro se brief that her attorney did not adequately represent her at trial. Plaintiff avers that her attorney did not call the manager of Sam's, Mr. Bill Whitlock, as a witness, nor did the attorney obtain an affidavit from Mr. Whitlock explaining why he did not investigate the accident and (a) ascertain if the unidentified man was an employee at the store or (b) ascertain if the man was someone not authorized to shop in the store. She also reiterates her claims that Whitlock failed his duties as a manager in not seeking medical care for her, although she acknowledges in brief that a written report by the manager was actually issued.
The record on appeal was designated by plaintiff/appellant. She attaches several documents to her brief, including the accident report issued by defendant, and some of her medical records and bills. However, the designated record itself contains only pretrial pleadings, including the petition, answer, and a motion for summary judgment (which was denied prior to trial on the merits). Relative to the trial on the merits, there is only a stipulation that the case did not exceed $50,000.00 (the jurisdictional minimum for a jury trial), and the final judgment. The final judgment does not contain a narrative of facts or factual findings of any kind. There is no transcript of the trial pursuant to appellant's designation of the record.

ANALYSIS
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. La. C.C.P. art. 2164. The appellant may designate the record limiting it to such portions which he desires to constitute the record on appeal. La. C.C.P. art. 2128. The appellant has the duty to secure either a transcript of the testimony or a narrative of facts; and the inadequacy of the record, if any, is imputable to the appellant. Carter v. Barber Bros. Contracting Co., Inc., 623 So.2d 8, 10 (La. App. 1 Cir.1993), writ denied, 629 So.2d 1180 (La.1993); Miller v. Potier, 94-1000 (La.App. 3 Cir. 2/1/9), 649 So.2d 1130.
An appellate court is forbidden by the law and jurisprudence to consider evidence which is outside the record on appeal. Geo Consultants Intern. v. Professional Roofing and Const., Inc., 95-1016 (La.App. 5 Cir. 3/26/96), 672 So.2d 1002; Creppel v. Louisiana Power and Light Co., 514 So.2d 239 (La.App. 5 Cir.1987). It is also well established that the appellate briefs of the parties are not part of the record on appeal, and this Court has no authority to consider, on appeal, facts referred to in appellate briefs if those facts are not in the record that is lodged in the appellate court. Creppel, supra; Tranum v. Hebert, 581 So.2d 1023 (La. App. 1 Cir.1991), writ denied, 584 So.2d 1169 (La.1991).
Where, as in this case, there is no transcript, no narrative of facts by the parties or by the trial judge, the judgment of the trial court is presumed by the jurisprudence to be supported by competent evidence.
*800 Miller, supra and the cases cited therein. In these circumstances, which are present in the case before us, where we have neither transcript nor an agreed upon narrative nor a narrative by the trial court, there is nothing for the appellate court to review and the trial court's ruling is presumed correct. Cooke v. Allstate Ins. Co., 93-1057 (La.App. 4 Cir. 4/14/94), 635 So.2d 1330; Tayco Construction Co. v. La Cuisine Restaurant, Inc., 593 So.2d 954, 955 (La.App. 4 Cir.1992); Bradford v. Winn Dixie of Louisiana, Inc., 94-0667 (La. App. 4 Cir. 12/28/94), 648 So.2d 464.
As we stated in City of Harahan v. Cummings, 545 So.2d 643 (La.App. 5 Cir.1989), an appeal without being accompanied by recorded testimony on which findings of fact are made will succeed only rarely.
Also, we will not consider appellant's complaints as to the adequacy of her counsel's representation as such complaints are not properly before us on this appeal of the judgment on the merits rendered by the district court.
For the foregoing reasons, we have no choice but are obliged to affirm the judgment of the trial court. Appellant is taxed all costs of appeal.
AFFIRMED.