STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1005


RONNIE HAMILTON D/B/A HAMILTON TRUCKING

VERSUS

PROGRESSIVE SECURITY INS. CO., ET AL.


**********

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 35184
HONORABLE J. CHRISTOPHER PETERS, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Marc T. Amy, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED.


John Sturgeon
Sturgeon & Boyd
P. O. Drawer 1463
Ferriday, LA 71334
(318) 757-4151
Counsel for Plaintiff/Appellant:
Ronnie Hamilton

Fred Williams Sartor, Jr.
Nelson, Zentner, Sartor & Snel
P. O. Box 14420
Monroe, LA 71307-4420
(318) 388-4454
Counsel for Defendant/Appellee:
Progressive Security Ins. Co.

**GREMILLION, Judge.**

The plaintiff/appellant, Ronnie Hamilton d/b/a Hamilton Trucking, appeals the trial court's judgment in favor of his insurer, the defendant/appellee, Progressive Security Insurance Company. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Hamilton is the owner of a log hauling business that uses 18-wheelers to transport logs. The 18-wheeler at issue was insured through Progressive. In August 2005, one of Hamilton's employees was operating the 18-wheeler when he allegedly ran off of the road to avoid an accident with Mrs. Rose M. Allen. The 18-wheeler hit a concrete culvert and a small tree. It sustained various damages. This suit involves Progressive's lack of payment due to engine failure, which it adduced was not attributable to the accident. However, in October 2005, Progressive paid $5,288.67 for body work and other damages, less Hamilton's deductible of $1,000.

Hamilton filed suit in June 2006 against Progressive, Allen, and her insurer, State Farm. Hamilton claimed in his petition that Progressive refused to adjust the damages to the engine thereby resulting in the crippling of his business. Progressive filed a Motion For Partial Summary Judgment in August 2007 and attached Hamilton's insurance policy which excludes coverage for "wear and tear."[1]

---

[1] **PART II- DAMAGE TO YOUR AUTO**
. . . .

**EXCLUSIONS-PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART II - DAMAGE TO YOUR AUTO.**
. . . .

This coverage does not apply to **loss**:

4.     Resulting from manufacturer's defects, wear and tear, freezing, mechanical or electrical breakdown or failure. However, coverage does apply if the damage is the result of other loss covered by the policy.

1

It also attached the affidavit of Jeremy Hoffpauir, an engineer, who stated that he evaluated the engine at Gary Byrd's (Progressive's Heavy Equipment Field Specialist) request. In his affidavit, Hoffpauir stated that the engine failure was not "caused or contributed to" by the August 19, 2005 accident.

An affidavit filed by Hamilton next appears in the record in September 2007 in which he recounts that Byrd indicated that he would recommend that Progressive replace the engine.

In October 2008, the trial court's "Judgment on Defendant Progressive Security Insurance Company's Louisiana Code of Evidence 104 Motions" appears in the appeal record.[2] The trial court denied Progressive's motion to exclude testimony and documentary evidence of Hamilton's economic loss beyond sixty days and granted Progressive's motion to exclude testimony and documentary evidence of alleged acts not previously plead by Hamilton and, in the alternative, Exception of No Cause of Action. The trial court ordered Hamilton to amend his petition to "properly plead breach of any of the enumerated items contained in R.S. 22:658 and/or 22:1220, along with all facts which plaintiff contends supports each breach." The trial court further granted Progressive's motion to exclude the testimony of Hamilton's witness, Doyle Watson, finding that he was not qualified to render an expert opinion regarding whether the accident led to the engine failure. On October 24, 2008, Hamilton filed a Second Amended Petition urging that Progressive failed to deal fairly and in good faith in adjusting the damages to his truck and was arbitrary and capricious in dealing with him, resulting in the loss of his family business. Hamilton urged that Progressive should pay a penalty for this behavior.

---

[2]Progressive's La.Code Evid. art. 104 motion is not in the record.

2

In January 2010, Progressive again filed a Motion for Partial Summary Judgment. In March 2010, Hamilton filed a brief in opposition to Progressive's motion for summary judgment. Progressive filed a Motion to Strike the Affidavit of Doyle Watson, which was attached to Hamilton's Opposition to Motion for Summary Judgment.[3] The trial court granted Progressive's motion to strike and further granted Progressive's motion for summary judgment. It dismissed, with prejudice, Hamilton's claims against Progressive. Hamilton appealed in September 2010. In October 2010, Hamilton filed a "Motion to File Statement of Points on Appeal." In November 2010, Progressive filed a motion to strike Watson's affidavit from the appellate record as it was not designated as part of the record nor was Watson qualified to offer opinion testimony as to the cause of the engine damage.

## ISSUES

Hamilton assigns as error:

1.    The trial court's dismissal of the entire case based on his inability to prove that the accident caused the damage to the engine of his 18-wheeler.

2.    The trial court's failure to recognize that Progressive had failed to consider the best interest of its insured; had failed to promptly and adequately notify him of its decisions; and had failed to release his truck so that he could repair it himself.

3.    The trial court's failure to recognize that Progressive, by filing the arbitrational proceeding for his deductible, had assumed a duty to recover his damages from the other insured, that Progressive failed to claim for Hamilton in the arbitration the damage to the engine.

## DISCUSSION

## MOTION TO FILE STATEMENT OF POINTS ON APPEAL

---

[3]Progressive's Motion to Strike is not in the record.

Hamilton's Motion to File Statements of Points on Appeal is before us on the merits. On appeal, we do not entertain evidence that was not properly submitted into the record at trial:

> Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.

> Appellate courts are courts of record and may not review evidence that is not in the appellate record, or receive new evidence.

*Denoux v. Vessel Mgmt. Servs, Inc.,* 07-2143, p.6 (La. 5/21/08), 983 So.2d 84, 88 (citations omitted). The motion makes a number of factual assertions including some pertaining to the arbitration proceeding between Progressive and State Farm, Allen's insurer. This arbitration proceeding is not in the appellate record. Hamilton's motion is denied.

## PROGRESSIVE'S MOTION TO STRIKE

Progressive filed a Motion to Strike the Affidavit of Doyle Watson from Appellate Record. The trial court had previously granted Progressive's Motion to Strike Watson's Affidavit because it found him unqualified to testify as an expert. Hamilton does not assign as error the trial court's finding that Watson was not qualified to testify as an expert. Although Watson's affidavit would be necessary for a *Daubert* review on appeal, that issue is not before us. Thus, we strike the affidavit from the appellate record. Progressive's motion is granted.

## MOTION FOR SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins,* 98-2822 (La. 7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate.

4

*Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). This means that judgment should be rendered in favor of the movant if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. *Id.* If the opposing party cannot produce any evidence to suggest that he will be able to meet his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

Material facts are those that determine the outcome of the legal dispute. *Soileau v. D & J Tire, Inc.,* 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. In deciding whether certain facts are material to an action, we look to the applicable substantive law. *Id.* Finally, summary judgment procedure is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ.P. art. 966(A)(2).

We note that, although Hamilton assigns three points of error, he does not brief any of them. Pursuant to Uniform Rules—Courts of Appeal, Rule 2-12.4, all assignments of error must be briefed. We "may consider as abandoned any specification or assignment of error which has not been briefed." *Id.* Hamilton presents a summary of insurance law principles including that an insurer is required to act in good faith in dealing with its insured. He further makes various claims about Progressive's timing in dealing with his claim. Finally, Hamilton goes on to discuss the aforementioned arbitration proceedings between Progressive and State Farm that are not relevant. Although we could summarily dismiss this entire appeal for failure to brief the assignments, we will briefly address them.

5

The uncontroverted evidence in the record reveals that Sheila Hamilton, Ronnie's wife, notified Progressive of the accident on September 6, 2005. Progressive sent out Gary Byrd, their Heavy Equipment Field Specialist, on September 7, 2005 to perform an inspection. On September 8, 2005, a Progressive adjuster authorized that the truck be moved to Watson Diesel shop so that the engine could be torn down. On September 12, 2005, Progressive mailed a Reservation of Rights letter to Hamilton. On September 20, 2005, Byrd reinspected the torn-down engine in the Watson Diesel shop and determined the engine damage was not related to the accident. On October 3, 2005, the adjuster mailed a settlement check to Hamilton for $4,288.67 for various other damages not related to the engine minus Hamilton's $1,000 deductible. On October 6, 2005 Progressive mailed a Denial of Coverage letter to Hamilton concluding that the engine damage was due to mechanical failure rather than the accident.

## ASSIGNMENT OF ERROR ONE

The entire issue in this case is whether or not the accident caused the engine to fail. Hamilton offered no admissible evidence that the engine failure was caused by the accident. Clearly, Hamilton can point to nothing that suggests he will be able to meet his burden of proof regarding causation of the engine failure at trial. This assignment of error is without merit.

## ASSIGNMENT OF ERROR TWO

In this assignment, Hamilton argues that Progressive failed to consider the interest of its insured, it failed to promptly and adequately notify him of its decisions, and it failed to release his truck so that he could repair it himself. Hamilton points to no evidence in the record to support these claims. On the contrary, the

6

record supports the conclusion that Progressive adjusted Hamilton's claim in a timely manner. This assignment of error is without merit.

## ASSIGNMENT OF ERROR THREE

Hamilton claims that the trial court failed to recognize that Progressive, by filing an arbitration proceeding to recover his deductible, assumed a duty to "recover his damages from the other insured, that Progressive failed to claim for Hamilton in the arbitration the damage to the engine." There is no mention in the record of any arbitration proceedings. This assignment of error is without merit.

## CONCLUSION

Summary judgment in favor of the defendant-appellee, Progressive Security Insurance Company, is affirmed. All costs of this appeal are assessed against the plaintiff-appellant, Ronnie Hamilton d/b/a Hamilton Trucking.

**AFFIRMED**.