# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-931

GRANTT GUILLORY ENTERPRISES, INC.,
D/B/A KAJUN SEAFOOD

VERSUS

FLOYD QUEBEDEAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 11C1604D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and
Marc T. Amy, Judges.

**AFFIRMED.**

**Bruce Achille Gaudin**
**100 West Bellevue Street**
**Opelousas, LA   70570**
**(337) 948-3818**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **Grantt Guillory Enterprises, Inc., d/b/a Kajun Seafood**


**Floyd Quebedeaux**
**1023 Regis Lagrange Road**
**Arnaudville, LA   70512**
**(337) 323-9307**
**DEFENDANT/APPELLANT IN PROPER PERSON**

**AMY, Judge.**

The plaintiff is the owner of a seafood processing plant that it leased to the defendant. Thereafter, the plaintiff filed suit, seeking to evict the defendant on the basis that the defendant breached the terms of the lease by failing to pay rent and by failing to obtain liability insurance. The plaintiff also sought to collect the unpaid rent and obtained a writ of sequestration on the defendant's property. The defendant denied that he owed any rent and attempted to have the writ of sequestration dissolved. After a hearing on those issues, the trial court denied the defendant's request to have the writ of sequestration dissolved and ordered that the defendant be evicted from the premises. At a subsequent trial on the issue of unpaid rent, the trial court found that there was unpaid rent and awarded the plaintiff that amount and attorney's fees. The defendant appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Grantt Guillory Enterprises, Inc., d/b/a Kajun Seafood (Guillory Enterprises), is the owner of a seafood processing plant in St. Landry Parish. The record indicates that Grantt Guillory is the president of Guillory Enterprises and that his father, Nelson Guillory, is the secretary/treasurer of the corporation. The record further indicates that Guillory Enterprises entered into a twelve-month lease with the defendant, Floyd Quebedeaux, for the processing plant starting on July 1, 2010. The lease provided that the amount of rent due each month was $6,200.00 and that Quebedeaux was required to maintain liability insurance in the amount of $1,000,000.00.

In April of 2011, Guillory Enterprises filed suit, seeking to evict Quebedeaux from the premises and to collect past due rent. Guillory Enterprises also sought, and was granted, a writ of sequestration. Quebedeaux denied that he was behind on the rental payments and asserted that he had maintained the liability insurance required by

the lease. Thereafter, Quebedeaux filed a motion to have the writ of sequestration dissolved and Guillory Enterprises filed a motion to evict. The trial court scheduled a hearing on those issues, but continued it so that Quebedeaux could obtain business records that were located at the processing plant. After the hearing was conducted, the trial court maintained the writ of sequestration and denied Quebedeaux's motion to dissolve the writ. The trial court also granted the motion to evict.

Trial was subsequently held to determine the amount of rent owed to Guillory Enterprises by Quebedeaux. The trial court determined that Quebedeaux owed $32,589.31 in outstanding rent. After a credit of $1,993.00 for perishables sold by Guillory Enterprises, the total owed was $30,596.31. The trial court awarded Guillory Enterprises $6,300.00 in attorney's fees. Further, the trial court acknowledged that the plaintiff had a lessor's lien on movables which were at the processing plant and maintained the writ of sequestration.

Quebedeaux appeals, asserting as "issues for determination" that:

1. Defendant[']s Constitutional rights were violated.
2. Defendant did not get a fair trial due to lack of evidence.
3. Defendant was trialed twice on the same exact case [sic].
4. Plaintiffs and Sheriffs' Department failed to follow procedure during the sequestration.
5. Plaintiffs and Sheriffs' Department disobeyed the courts order, denying the defendant his evidence.
6. Plaintiffs failed to issue an eviction notice for past due rent and/or lack of proof of insurance, as required by the lease agreement.
7. Sequestration and eviction were falsely alleged by the plaintiffs.
8. Defendant alleges there was a conflict of interest.

**Discussion**

*Constitutional Issues*

Several of Quebedeaux's arguments address his concerns that his constitutional rights were violated, including the rights to due process and a fair trial and the prohibition against double jeopardy. Quebedeaux also argues that the issuance of the writ of sequestration was a violation of the prohibition against search and seizure.

In order to invoke the due process clause of either U.S. Const. amend. XIV or La.Const. art. 1, § 2, the claimant must first show that "some property or liberty interest has been adversely affected by *state action*." *Fontenot v. Sw. La. Hosp. Ass'n*, 00-129, p. 10 (La.App. 3 Cir. 12/6/00), 775 So.2d 1111, 1117 (quoting *Price v. U-Haul Co. of La.*, 98-1959 (La. 9/8/99), 745 So.2d 593), *writ denied*, 01-390 (La. 4/12/00), 789 So.2d 596. Thus, as Quebedeaux has not shown that Guillory Enterprises is a state actor, his assertion that his right to due process was violated is without merit.

With regard to his contention that he was denied his right to a fair trial "due to lack of evidence," Quebedeaux is apparently arguing a violation of his rights under U.S. Const. amend. VI and La.Const. art. 1, § 16. However, there is no discussion of those issues in Quebedeaux's appellate brief. "All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed." Uniform Rules—Courts of Appeal, Rule 2-12.4. Accordingly, we decline to consider Quebedeaux's argument concerning any alleged violations of his right to a fair trial.[1]

Similarly, Quebedeaux's contention that the writ of sequestration was an unconstitutional search and seizure was not an issue that was presented to the trial court. Although Quebedeaux asserted various other alleged constitutional defects, this court was unable to locate any allegations in the record that the writ of sequestration was a violation of either U.S. Const. amend. IV or La.Const. art. 1, § 5. Thus, this

---

[1] In any case, we note that U.S. Const. amend. VI and La.Const. art. 1, § 16 address criminal prosecutions. For example, La.Const. art. 1, § 16 states, in relevant part, that:

> Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public, and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law. No person shall be compelled to give evidence against himself. An accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own behalf.

issue was not raised in the trial court and is not properly before this court for consideration. Uniform Rules—Courts of Appeal, Rule 1-3. For this reason, we do not address Quebedeaux's argument in this regard.

Accordingly, we find no merit to Quebedeaux's arguments concerning alleged violations of his constitutional rights.

*Res Judicata and/or "Law of the Case"*

Quebedeaux also asserts that the constitutional prohibition against double jeopardy was violated because he was tried "twice on the same exact case." The concept of double jeopardy stems from both U.S. Const. amend. V and La.Const. art. 1, § 15. It applies to criminal prosecutions and prohibits a person from being twice put "in jeopardy of life or liberty for the same offense." La.Code Crim.P. art. 591. The record indicates that this suit is a civil case and not a criminal prosecution. Accordingly, the prohibition against double jeopardy does not apply.

However, while incorrectly titled, Quebedeaux's argument is that the trial court erred in failing to apply either the doctrine of res judicata[2] or the doctrine of the "law of the case." We note that, although not part of his argument concerning double jeopardy, Quebedeaux references the doctrine of res judicata in his appellate brief. Louisiana Revised Statutes 13:4231 provides that, in pertinent part, "[e]xcept as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review." *See also Burguieres v. Pollingue*, 02-1385 (La. 2/25/03), 843 So.2d 1049. The doctrine of the law of the case "refers to a policy by which the court will not reconsider prior rulings in the same case." *Keyclick Outsourcing, Inc. v. Ochsner Health Plan, Inc.*, 11-598, p. 7 (La.App. 4 Cir.

---

[2] We observe that Quebdeaux filed a document entitled "Motion to Dismiss Judgment on the Pleadings, Res Judicata" on February 28, 2012, after trial was conducted in this matter. The trial court denied that motion on April 23, 2012. Quebedeaux has not asserted that the trial court erred in denying his post-trial assertion of res judicata.

4

3/14/12), 89 So.3d 1207, 1211. However, unlike res judicata, the law of the case is discretionary and need not be applied inflexibly. *Id.*

A review of the record reveals that the trial court held a hearing on Quebedeaux's motion to dissolve the writ of sequestration and on Guillory Enterprises' motion to evict on June 16, 2011. The minutes from that date indicate that, after hearing the evidence, the trial court denied the motion to dissolve the writ of sequestration and granted the rule to evict. The trial court signed orders to that effect on July 5, 2011. In order to assert the doctrine of res judicata, there must be a final judgment. *Henry Ins. Agency, Inc. v. Desadier*, 94-39 (La.App. 3 Cir. 10/5/94), 643 So.2d 374. "A judgment that determines the merits in whole or in part is a final judgment." La.Code Civ.P. art. 1841. Our review of the record does not indicate that the orders issued on July 5, 2011 address the merits of Guillory Enterprises' claim for unpaid rent.

Quebedeaux contends that, at the June 16, 2011 hearing, the trial court determined that Guillory Enterprises had not proven that there was unpaid rent. However, the record does not contain a transcript of the June 16, 2011 hearing. Quebedeaux asserts that he has requested a copy of the transcript and has not been able to obtain one. It is the appellant's duty to obtain either transcript of the testimony or a narrative of facts, and the inadequacy of the record is imputable to the appellant. *Barrois v. Wal-Mart Stores, Inc.*, 97-636 (La.App. 5 Cir. 11/25/97), 703 So.2d 798. Further, an appellate court may not consider evidence outside the record, including facts referred to in appellate briefs which are not in the record lodged in the appellate court. *Id.* Accordingly, this court may not consider Quebedeaux's contention that the issue of unpaid rent was decided on the merits at the June 16, 2011 hearing.

In this light, we find that the doctrine of res judicata is inapplicable. Similarly, because there is nothing in the record that indicates that the trial court made a

determination concerning the claim for unpaid rent, the law of the case is also inapplicable.

This assignment of error is without merit.

*Motion to Evict*

Several of Quebedeaux's arguments concern the propriety of the trial court's order granting Guillory Enterprises' motion to evict. Quebedeaux contends that he did not owe outstanding rent and that he maintained liability insurance as required by the lease. Further, Quebedeaux contends that Guillory Enterprises did not send him notice of any alleged defects, as required by the lease.

According to the record, Guillory Enterprises initially filed a "Petition to Rescind Lease and Recover[] Past Due Rent." Guillory Enterprises subsequently filed a Rule to Evict, seeking to have Quebedeaux "evicted from the leased premises." Therein, Guillory Enterprises alleged that Quebedeaux failed to make lease payments, failed to maintain general liability insurance on the property, and removed metal pallet racks from the property.

However, as previously discussed, the record on appeal does not contain the transcript of the hearing on the rule to evict and the motion to dissolve the writ of sequestration. In *Barrois*, 703 So.2d at 799-800 (citations omitted), the fifth circuit discussed appellate review where the record is incomplete, stating:

> Where, as in this case, there is no transcript, no narrative of facts by the parties or by the trial judge, the judgment of the trial court is presumed by the jurisprudence to be supported by competent evidence. In these circumstances, which are present in the case before us, where we have *neither* transcript *nor* an agreed upon narrative *nor* a narrative by the trial court, there is *nothing* for the appellate court *to review* and the trial court's ruling is *presumed correct*. . . .
>
> As we stated in *City of Harahan v. Cummings*, 545 So.2d 643 (La.App. 5 Cir. 1989), an appeal without being accompanied by recorded testimony on which findings of fact are made will succeed only rarely.

6

Further, as stated by the fifth circuit in *Alexander v. Parish of St. John the Baptist*, 09-840 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, *writ denied*, 10-1289 (La. 9/17/10), 45 So.3d 1056, because the appellant is responsible for the record on appeal, the inadequacy of that record cannot operate to the detriment of an appellee. Thus, "when the record does not contain an adequate transcript, narrative of facts or other satisfactory evidence, an appellate court can apply the presumption that the trial court's judgment is correct and affirm." *Id.* at 1005. *See also* La.Code Civ.P. art. 2164.

The record on appeal includes the trial court's minutes dated June 16, 2011, which state, in relevant part,

> The Court finds the Writ of Sequestration validated. Motion to Dissolve Writ of Sequestration denied at the cost of the mover. Judgment to be submitted. Rule to Evict take up and heard. . . . Rule to evict is granted at the cost of the defendant. Judgment to be submitted.

Also included in the record are exhibits submitted to the trial court at the hearing on the motion to dissolve the writ of sequestration and the motion to evict.[3] Even with this evidence, given the omission of the transcript for the hearing on the motion to dissolve the writ of sequestration and the motion to evict from the record, this court is unable to review the trial court's findings of fact and, therefore, "the trial court's ruling is *presumed correct*." *Barrois*, 703 So.2d at 800.

This assignment of error is without merit.

---

[3] In its exhibits, Guillory Enterprises submitted an accounting of rent paid and rent due, indicating that Quebedeaux owed rent in the amount of $33,089.31. This accounting included a credit to Quebedeaux in the amount of $1,396.00 for bait provided to Nelson Guillory. Guillory Enterprises also submitted an unsigned copy of a letter dated August 5, 2010, notifying Quebedeaux of his "default on rental payments for July and August 2010 totaling $12,400.00" and indicating that Guillory Enterprises intended to terminate the lease. Quebedeaux filed into evidence an accounting which indicated that Guillory Enterprises owed Quebedeaux, due in part to credits for bait totaling over $11,000.00. In his brief to this court, Quebedeaux disputes that he was provided with notice of any alleged default under the terms of the lease.

7

*Evidence*

One of Quebedeaux's contentions is that the "[p]laintiffs and Sheriffs' Department disobeyed the courts order, denying the defendant his evidence." Quebedeaux alleges that there was evidence in the office of the seafood processing plant which would prove that he maintained the required general liability insurance and that he was not behind on his rent.

According to Quebedeaux, he was prevented from retrieving that evidence when the writ of sequestration was served at the plant. The trial court's minutes indicate that the trial court continued the hearing on the motion to dissolve the writ of sequestration and the motion to evict to allow "counsel to obtain copies of business records. . . . The St. Landry Parish Sheriff's Office is to provide a deputy to accompany counsel and parties to obtain said records." Quebedeaux alleges that there were documents missing when his attorney and his daughter went to the plant to retrieve evidence. At trial, Suzanne Quebedeaux testified that one of the St. Landry Parish Sheriff's detectives had a file in his desk that he would not allow her to leave with. Ms. Quebedeaux stated that the folder had paperwork concerning the BP oil spill in it, including copies of their insurance policy. Detective Keith Dupre testified that he had some items that he was holding for the FBI.

At trial, Quebedeaux contended that this evidence was wrongfully withheld. Our review of the record indicates that, before the hearing on the motion to evict and the motion to dissolve the writ of sequestration, the trial court issued a discovery order permitting Quebedeaux to obtain whatever evidence he required from the processing plant. Although Quebedeaux was apparently unsatisfied with the evidence he obtained from that visit, he did not formally present this issue to the trial court until the day of the trial, more than six months later. In rendering judgment, the trial court stated that:

8

> On June 14th I ordered that the defendant be allowed access to all of the properties for review. He had counsel at that time. Counsel well could have made a request or demand upon the Sheriff and received whatever documentation the Sheriff might have had. There's nothing in evidence indicates—nothing in evidence that indicates any of those efforts were made.

There being no indication in the record that Quebedeaux filed any sort of request with the trial court concerning his allegations prior to trial, the trial court was unable to timely consider the merits of Quebedeaux's complaint and, if the trial court felt that relief was warranted, provide any relief to Quebedeaux. *See*, *e.g.*, *LeBlanc v. Consol. Aluminum Co.*, 401 So.2d 1082 (La.App. 3 Cir.), *writ denied*, 409 So.2d 617 (La.1981). Accordingly, we find no merit to Quebedeaux's argument concerning the alleged withholding of evidence.

*Sequestration*

Quebedeaux also contends that the trial court erred in ordering the sequestration and that the "[p]laintiffs and Sheriffs' Department failed to follow procedure during the sequestration." Quebedeaux's complaints concerning the failure to follow procedure are his allegations that the St. Landry Parish Sheriff's Office did not make a proper inventory and that the Sheriff's Office turned possession of the property over to Guillory Enterprises. Quebedeaux also complains that Guillory Enterprises inappropriately sold perishables seized pursuant to the writ and failed to make a proper accounting of the sale.

Along with the writ of attachment, the writ of sequestration is a conservatory writ which is intended to preserve property pending the outcome of a judicial proceeding. *Spiers v. Roye*, 04-2189 (La.App. 1 Cir. 5/19/06), 927 So.2d 1158 (on rehearing). As the remedy is a harsh one, the pleading requirements for a writ of sequestration are strictly construed. *Sarpy Props., Inc. v. Diamond Shoe Stores of LA,*

*Inc.*, 99-1304 (La.App. 5 Cir. 5/17/00), 761 So.2d 769, *writ denied*, 00-1760 (La. 9/22/00), 768 So.2d 604.

"A writ of attachment or of sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent." La.Code Civ.P. art. 3501. Louisiana Code of Civil Procedure Article 3571 addresses the grounds for issuance of a writ of sequestration, stating:

> When one claims the ownership or right to possession of property, or a mortgage, security interest, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.

Where the party seeking the writ of sequestration claims a lessor's privilege, the writ "shall issue without the furnishing of security." La.Code Civ.P. art. 3575.

A review of the record indicates that Guillory Enterprises alleged it was entitled to a lessor's lien on all moveable property located at the processing plant to secure its claim for unpaid rent. Guillory Enterprises also sought a writ of sequestration, alleging that:

> All of these moveable items are in the possession of the Defendant and it is within Defendant's power to and Plaintiff has good reason to believe that Defendant will conceal, dispose or remove these moveables from the Parish during the pendency of this action. To protect Petitioner's rights it is necessary that a writ of sequestration issue, without bond, pursuant to Code of Civil Procedure Article 3575, directing the Sheriff to seize all of the movable property affected by Petitioner's privilege and to hold them subject to further order of the Court.

The petition was verified by Nelson Guillory as an authorized representative of Guillory Enterprises.

As previously discussed, Quebedeaux filed a motion to dissolve the writ of sequestration and the trial court held a hearing on that issue. Although the transcript of that hearing is unavailable, the trial court's minutes indicate that the trial court denied the motion to dissolve the writ of sequestration.

Notwithstanding the absence of a transcript of the hearing on the motion to dissolve the writ of sequestration, there is sufficient evidence in the record to conclude that Guillory Enterprises adequately alleged the grounds necessary for issuance of the writ. The plaintiff has alleged that there is a lease; that $35,800.00 along with attorney's fees was due;[4] that Guillory Enterprises holds a lessor's privilege on "all movable property of the Defendant located on the leased premises;" and that it was within Quebedeaux's power to conceal, dispose, or remove those movables. Further, the petition was verified by Nelson Guillory, the secretary/treasurer of Guillory Enterprises. *See Montagne v. Tinker*, 197 So.2d 154 (La.App. 3 Cir.), *writ denied*, 199 So.2d 921 (La.1967).

Accordingly, we find that Guillory Enterprises adequately alleged the requirements for a writ of sequestration and, thus, we find no error in the trial court's issuance of the writ.

Quebedeaux has several further complaints concerning alleged improprieties on the part of the St. Landry Parish Sheriff's Office and Guillory Enterprises with regard to the execution of the writ of sequestration. He alleges that the Sheriff's Office failed to properly inventory the property and that the Sheriff's Office improperly turned over custody of the property to Guillory Enterprises. He also alleges that Guillory Enterprises sold perishables in the absence of a court order permitting such a sale.

---

[4] At the trial on the issue of outstanding rent, Guillory Enterprises submitted an accounting of rent due, which it conceded contained a miscalculation. Grantt Guillory, the president of Guillory Enterprises, testified that the amount of outstanding rent due was actually $32,589.31 and that Quebedeaux was due a credit of $1,993.00 due to the sale of some perishable goods.

11

With regard to Quebedeaux's allegations concerning the lack of an inventory, La.Code Civ.P. art. 3504 requires that "[t]he sheriff, after executing a writ of attachment or of sequestration, shall deliver to the clerk of the court from which the writ issued a written return stating the manner in which he executed the writ. He shall annex to the return an inventory of the property seized." The record indicates that the writ of sequestration was issued on April 4, 2011. The record also contains a six-page exhibit entitled "Bobby Guidroz, Sheriff, Reciept for Articles," which is dated April 5, 2011. Deputy Kevin Dupre testified that he and another deputy inventoried the property at that time. Although the record contains this inventory of the property seized, it does not contain a written return from the Sheriff's Office.[5] Even assuming that the Sheriff's Office failed to deliver a written return to the Clerk of Court's office, the record supports a finding that the Sheriff's Office inventoried the property and we find nothing in the record indicating that, in this instance, relief is appropriate.

With regard to Quebedeaux's contention that the Sheriff's Office inappropriately turned over possession of the property to Guillory Enterprises, we observe that La.Code Civ.P. art. 326 permits the sheriff to "appoint a keeper of the property" in order to "safeguard, protect, and preserve all property seized of which he has taken or is required to take actual possession." Accordingly, this argument is without merit.

Quebedeaux also argues that the plaintiff sold perishables without seeking court authorization and did not keep accurate records of the sale. Pursuant to La.Code

---

[5] The record does contain a "Notice of Seizure," which was attached to Quebedeaux's "Amendment to Motion for Continuance." However, although Quebedeaux apparently referenced the "Notice of Seizure" during his examination of Deputy Kevin Dupre, the notice was never admitted into evidence. Appellate courts are courts of record and may not receive new evidence, nor may they review evidence that is not in the record on appeal. *Hamilton v. Progressive Sec. Ins. Co.*, 10-1005 (La.App. 3 Cir. 3/16/11), 59 So.3d 504. "Evidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Id.* at p. 507 (quoting *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143 (La. 5/21/08), 983 So.2d 84).

12

Civ.P. art. 3513, "[p]erishable property seized under a writ of attachment or of sequestration may be sold as provided in Article 2333. The proceeds of such a sale shall be held by the sheriff subject to the orders of the court." Louisiana Code of Civil Procedure Article 2333 provides, in relevant part, that "[t]he court, at the request of a party, may order the immediate sale at public auction, without advertisement or appraisement, of property that is perishable and subject to loss or deterioration pending compliance with the usual formalities."

A review of the record reveals that Guillory Enterprises sought judicial authorization for the Sheriff to "sell any and all live crawfish and other perishable items recovered through execution of the writ of sequestration." At trial, Grantt Guillory and Nelson Guillory both testified that some of the items at the processing plant were sold as perishables. According to Grantt's testimony, after expenses were paid, the net profit was $1,993.00. Guillory Enterprises submitted into evidence a receipt for the crawfish sold. The trial court credited this testimony and found that Quebedeaux was due a credit of $1,993.00 towards the rent.

We observe that, in his motion to dissolve the writ of sequestration, Quebedeaux alleged that Nelson Guillory "has operated the business since April 5, 2011, selling seafood, cold drinks, and other inventory items". The trial court's minutes indicate that the trial court denied the motion to dissolve the writ of sequestration. However, the transcript of that hearing is not included in the record on appeal. As previously discussed, "when the record does not contain an adequate transcript, narrative of facts or other satisfactory evidence, an appellate court can apply the presumption that the trial court's judgment is correct and affirm." *Alexander*, 33 So.2d at 1005. The record indicates that the trial court had the opportunity to consider Quebedeaux's complaints regarding Guillory Enterprises' sale of perishables seized pursuant to the writ of sequestration. However, the trial court

13

denied Quebedeaux's motion to dissolve the writ. Having no transcript from the hearing on the motion to dissolve the writ and the motion to evict in order to review the trial court's determination, we presume the trial court's judgment to be correct. *See Barrois*, 703 So.2d 798.

Quebedeaux's arguments concerning the writ of sequestration are without merit.

*Allegations of Conflict of Interest*

Quebedeaux also contends that there was a conflict of interest which warrants action from this court. Quebedeaux alleges that the St. Landry Parish Sheriff is Grantt Guillory's uncle. Even assuming that Quebedeaux's allegations are true, a review of the record reveals that Quebedeaux never formally requested any relief from the trial court. Although Quebedeaux made similar allegations in an "Open Letter to the Court" and in his pre-trial memorandum, Quebedeaux did not request any action from the trial court with regard to those allegations.[6] Thus, this issue was not submitted to the trial court for determination and is not properly before this court for consideration. Uniform Rules—Courts of Appeal, Rule 1-3. We decline to address Quebedeaux's argument in this regard.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court in all respects. The costs of this appeal are allocated to the defendant–appellant, Floyd Quebedeaux.

**AFFIRMED.**

---

[6] Quebedeaux's "Open Letter to the Court" states that it is "an attempt to explain to this court how the defendants [sic] Constitutional rights are and have been violated."