## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-410


KAREN ISTRE DAIGLE

VERSUS

JOHN LAPOINT, ET AL.


**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-48-11
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

## MARC T. AMY
## JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.


**AFFIRMED.**

Conery, J., concurs.


Timothy M. Cassidy
Cassidy Law Firm
Post Office Box 1446
Jennings, LA  70546
(337) 824-7322
COUNSEL FOR PLAINTIFF/APPELLEE:
    Karen Istre Daigle

**Todd M. Ammons**
**Stockwell, Sievert, Viccellio,**
**Clements & Shaddock, L.L.P.**
**Post Office Box 2900**
**Lake Charles, LA   70602**
**(337) 436-9491**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **State Farm Mutual Automobile Insurance Company**
    **John LaPoint**

**AMY, Judge.**

Following a trial in which the plaintiff successfully recovered damages associated with an automobile accident, the plaintiff filed a motion to assess costs. The trial court awarded various costs as requested, including expert witness fees for the medical professionals who testified at trial. The defendants appeal, asserting that the trial court awarded excessive fees. For the following reasons, we affirm.

### Factual and Procedural Background

The plaintiff, Karen Istre Daigle, filed suit alleging physical injury as the result of a January 2010 automobile accident. She named the driver of the other vehicle, John LaPoint, and his insurer, State Farm Mutual Automobile Insurance Company, as defendants. A jury found in favor of the plaintiff, awarding past medical expenses ($93,375.12), past lost wages ($4,536.00), past pain and suffering, both physical and mental ($75,000.00), future pain and suffering, both physical and mental ($25,000.00), disability ($10,000.00), and loss of enjoyment of life, past and future ($45,000.00). The jury denied the plaintiff's request for disfigurement damages.

Thereafter, the plaintiff filed a motion to assess costs seeking reimbursement for a variety of trial-associated expenses. The plaintiff attached invoices for the subject expenses to the pleading. At the subsequent hearing, the defendants argued that the fees were unreasonable, particularly those related to fees charged by the plaintiff's treating physicians. The trial court rejected that argument and awarded the fees as pled.

The judgment reflects awards as follows: 1) Copy costs of $1.00 per page of records introduced at trial and extra copy to defense counsel ($1,984.00); 2) Rental fees for Plaint Film View Box ($350.00); 3) InfoTech equipment and technical assistance of computer and view screen at trial ($300.00); 4) Costs to copy MRI disc to actual film by Jeff Davis ($60.00); 5) Court appearance fee for nurse practitioner Kelly Murray, including records review & trial testimony ($1,045.00); 6) Court appearance fee for physical therapist Ashley Fontenot, including records review & trial testimony ($1,850.00); 7) Court appearance fee for Dr. Craig Morton, including records review & trial testimony ($10,000.00); 8) Court appearance fee for Dr. Steven Hale, including records review & trial testimony ($10,000.00); and 9) Court appearance fee for Dr. Patrick Griffith, including records review & trial testimony ($3,000.00).

The defendants appeal and, on a designated record, question the amounts of the court costs awarded for the copy charges and for each of the three physicians. The defendants contend that each award reflects an abuse of discretion.

## Discussion

*Court Costs*

Louisiana Code of Civil Procedure Article 1920 provides that, "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause." Additionally, and "[e]xcept as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." The supreme court has explained that a court has great discretion in assessing court costs. *Aucoin v. Southern Quality Homes, LLC*, 07-1014 (La. 2/26/08), 984 So.2d 685 (quoting *Cajun Elec. v. Owens-Corning Fiberglass Corp.*, 616 So.2d 645 (La.1993).

In the present case, the trial court assessed general court costs and assessed expert witness fees as well. With regard to general court costs, La.R.S. 13:4533 provides that: "The costs of the clerk, sheriff, witness' fees, costs of taking depositions and copies of acts used on the trial, and all other costs allowed by the court, shall be taxed as costs." As for expert witness fees, La.R.S. 13:3666 provides, in part, that:

> A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
>
> B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
>
> (1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
>
> (2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
>
> C. In either manner provided in Subsection B, the court shall also determine and tax as costs, to be paid by the party cast in judgment, the reasonable and necessary cost of medical reports and copies of hospital records.

*Copy Costs*

As seen above, the trial court awarded $1,984.00 in copy costs, which reflect a $1.00 per page copy cost and an additional copy of the plaintiffs' exhibits to the defendants. The defendants challenge that figure both for the $1.00 per page cost and the charge for the duplicate copy to them. They note that the plaintiff provided

3

no evidence regarding the costs incurred in this regard and suggests that the "copy of what would ultimately become part of the record was never requested by Defendants."

On review, we note that this appeal arrives at this court on a designated record, which lacks context regarding the proceedings outside of the underlying judgment and motion to assess costs. *See* Uniform Rules—Courts of Appeal, Rule 2—1.17. The parameters of that limited record reveal no abuse of discretion in the trial court's award of copying costs. Neither the amount of the per copy charge nor the determination that a courtesy copy for defense council are so patently excessive, if at all, that correction is appropriate.

Accordingly, we find no merit in this assignment of error.

*Expert Fees*

The defendants additionally challenge the $10,000.00 awards made to each of two physicians who testified during the plaintiff's case in chief as well as the $3,000.00 awarded to the physician who they assert was only called during the plaintiff's rebuttal. While the defendants acknowledge that the physicians charged the awarded amounts for their trial-related services, the defendants assert that the trial court was required to shape the award based on the value of time employed and the degree of the learning/skill required of the expert per La.R.S. 13:3666(A). The defendants further point out that, in reasons for ruling, the trial court, referenced jurisprudence from this circuit which indicates that:

> In fixing expert witness fees, each case must turn on its own peculiar facts and circumstances, but factors that may be considered are the amount of time spent in preparing for trial; time actually spent in court; the extent and nature of the work performed; and the knowledge, attainments and skill of the expert. Additional considerations include the awards to experts in similar cases, the

4

complexity of the problem addressed by the expert, and the helpfulness of the expert's report and testimony to the trial court.

*Massie v. Deloach*, 04-1425, p. 10 (La.App. 3 Cir. 3/2/05), 896 So.2d 1246, 1252, *writ denied*, 05-0786 (La. 5/6/05), 901 So.2d 1107. (Citations omitted.)

The defendants argue, however, that the factors described in *Massie*, 896 So.2d 1246, when considered under the facts and circumstances of this case, do not support the fees awarded for the physicians' assistance at trial. In their brief to this court, the defendants provide a brief synopsis of each physician's testimony and suggest that the lack of complexity in the medical issues involved in this case and/or the purported lack of expertise associated with the testimony do not support the award. Again, however, the defendants designated the appellate record, listing only those aspects of the record addressing the motion to assess costs. That information does not reveal an abuse of discretion in the trial court's award of expert fees. To the extent the record is inadequate for the type of review requested by the defendants, that inadequacy cannot be imputed to the appellee. *Grantt Guillory Enter., Inc. v. Quebedeaux*, 12-931 (La.App. 3 Cir. 2/6/13), 110 So.3d 182. Rather, the appellant is responsible for the record on appeal. *Id.* Thus, "'when the record does not contain an adequate transcript, narrative of facts or other satisfactory evidence, an appellate court can apply the presumption that the trial court's judgment is correct and affirm.'" *Id.* at 188 (quoting *Alexander v. Parish of St. John the Baptist*, 09-840 (La.App. 5 Cir. 3/23/10), 33 So.3d 999, *writ denied*, 10-1289 (La. 9/17/10), 45 So.3d 1056). As with the copying costs, we leave the award for expert fees undisturbed based on the record before the court.

This assignment of error lacks merit.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this proceeding are assessed to the defendants-appellants, State Farm Mutual Automobile Insurance Company and John LaPoint.

**AFFIRMED.**