COURT OF APPEAL, THIRD CIRCUIT
15-555 & 15-556

**STATE IN THE INTEREST OF**

**C.E., K.E. & C.E.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 25574 & NO. 26692
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

**AMY, J., concurs.**

**AFFIRMED.**

**James Wade Smith**
**P. O. Box 1706**
**Lake Charles, LA 70602**
**Telephone: (337) 436-8424**
**COUNSEL FOR:**
  **Appellants - S.A.E. (mother) and V.E. (father)**

**Thomas Walter Sanders, Jr.**
**Roger Lafosse**
**State of Louisiana, Department of Children & Family Services**
**1919 Kirkman Street**
**Lake Charles, LA 70601**
**Telephone: (337) 491-2067**
**COUNSEL FOR:**
  **Appellee - State of Louisiana, Department of Children & Family**
  **Services**

**Dalonshia Thomas-Jordan**
**Assistant District Attorney – 14th Judicial District Court**
**901 Lakeshore Drive**
**Lake Charles, LA 70601**
**Telephone:  (337) 437-3400**
**COUNSEL FOR:**
    **Appellee - State of Louisiana**

**Ann McSpadden**
**MHAS/Child Advocacy Program**
**One Lakeshore Drive Suite 1585**
**Lake Charles, LA 70601**
**Telephone:  (337) 491-2461**
**COUNSEL FOR:**
    **Appellees - C.E. (child), K.E. (child), and C.E. (child)**

**THIBODEAUX, Chief Judge.**

S.E. appeals the trial court's grant of the State's petition to terminate her parental rights as to her three children. The trial court granted the petition on the basis of her failure to substantially complete her case plan and her continuing failure to financially support her children. On appeal, S.E. contends that the trial court erred in denying motions to withdraw made by her attorney because a conflict of interest existed in the joint representation of her and her husband[1] which prevented effective representation. She further disputes the contention that she did not complete her case plan. Because we find no abuse of discretion in the trial court's denial of the motions to withdraw and no manifest error in the trial court's termination of parental rights, we affirm.

## I.

## ISSUES

We must determine:

(1) whether the trial court abused its discretion in denying two motions to withdraw made by S.E.'s attorney; and

(2) whether the trial court manifestly erred in terminating S.E.'s parental rights.

## II.

## FACTS AND PROCEDURAL HISTORY

V.E. and S.E. are the parents of C.E., K.E., and C.E., three minor children. In April 2013, V.E. was jailed for domestic violence and child endangerment following a dispute with S.E. A report of neglect was filed with the

---

[1]Her husband, V.E., did not appeal the judgment terminating his parental rights.

State concerning C.E., K.E., and C.E. Subsequently Bettye Foster, an employee of the State, conducted an investigation. During her investigation, Ms. Foster visited the family's residence and found all three children had soiled diapers and two children had unexplained bruises. Further, the youngest child had a severe diaper rash and congestion. Ms. Foster observed that the home was cluttered with clothes, food, overflowing trash, and soiled diapers. She also observed the two older children picking food up from the floor and eating it.

Ms. Foster spoke with S.E. S.E. stated that she had been diagnosed as mildly retarded and dyslexic. S.E. also told Ms. Foster that a babysitter "tore up" her house and that she did not know the last names or phone numbers of her babysitters. S.E. stated that she worked nights and slept during the day. During the day, S.E. would place the youngest child in her bed and lock the older two children in a room. Ms. Foster also spoke with V.E., who stated that he did the cleaning and caring for the children.

Ms. Foster learned that V.E. and S.E. had been referred to family services in July 2012 after S.E. separated from V.E. and left the minor children with V.E. despite his history of drug use. S.E. reunited with her family, and before family services could begin, the family moved to Texas. V.E. and S.E. also had a history with the Texas Department of Children's Protective Services ("TCPS"). In December 2012, TCPS had opened an investigation into the family after the department received information that S.E. had allegedly assaulted V.E. Before TCPS could begin family services, however, the family left Texas and returned to Louisiana. TCPS had also removed three other children from S.E. due to neglect.

In light of Ms. Foster's investigation, an Instanter Order was issued on May 7, 2013 and C.E., K.E., and C.E. were placed in state custody. The following

2

month, the trial court adjudicated the three children as children in need of care. The State developed a case plan which entailed several joint and independent action steps that needed to be completed by V.E. and S.E.

On August 6, 2014, the State filed a petition to terminate the parental rights of V.E. and S.E. and to certify C.E., K.E., and C.E. for adoption. The State based its petition on the individual failures of V.E. and S.E. to complete various aspects of their case plan. At trial, the attorney for V.E. and S.E. made an oral motion to withdraw. The attorney stated that he was conflicted in his representation of both V.E. and S.E. in light of their separation, ongoing marital problems, and the shifting of blame between the parents. The trial court denied the motion.

At the close of trial, the trial court terminated parental rights as to each parent. As to V.E., the trial court noted his failure to appear at the hearing. The court further found that V.E. had not complied with the requisites of his case plan and had failed to show that he could provide stable housing, support, and permanency to the children. As to S.E., the trial court found that while she had made an effort, she had been given ample time and had failed to substantially complete the necessary components of the case plan. The court further found that the termination of parental rights was in the best interest of the children due to the children's roughly eighteen-month period in State custody, their need for permanency, and the failure of either parent to make a showing that they would be able to provide basic food, clothing, and shelter for the children. S.E. appealed.

III.

## STANDARD OF REVIEW

An appellate court will not disturb a trial court's ruling on the withdrawal of counsel after trial has commenced absent a clear abuse of discretion. *State v. Seiss*, 428 So.2d 444 (La.1983). Additionally, an appellate court will review a trial court's findings on whether or not parental rights should be terminated under the manifest error standard of review. *State in Interest of J.K.G.*, 11-908 (La.App. 3 Cir. 1/11/12), 118 So.3d 10. Pursuant to this standard, an appellate court may not reverse a trial court's factual finding unless the record demonstrates both that a reasonable factual basis does not exist for the finding and that the finding is clearly wrong. *Id*.

IV.

## LAW AND DISCUSSION

### *Denial of the Motions to Withdraw*

S.E. contends that the trial court erred in denying her attorney's motions to withdraw because the attorney had a conflict of interest in the joint representation of her and her husband which violated her right to a fair trial. The State contends that there was no significant conflict of interest where the attorney has chosen to continue representing S.E. on appeal.[2] For reasons other than those

---

[2]The State further states in its brief "Although not of record, rumor has it counsel might have received remuneration for the instant appeal." This statement is ethically ill-advised and contrary to well-founded legal principles. "Appellate courts may not review evidence that is not in the appellate record, nor may they receive new evidence." *Shiver v. Lafayette City-Parish Consol. Gov't*, 14-760, p. 2 (La.App. 3 Cir. 12/10/14), 154 So.3d 789, 791; *See also* La.Code Civ.P. art. 2164. The State's attempt to introduce "rumor[s]" not of record on appeal is ethically and legally faulty, as is the adoption of the State's brief which incorporates this statement by counsel for the minor children.

cited by either party, we find the trial court did not abuse its discretion in denying the motions to withdraw.

Pursuant to La.Ch.Code art. 608, "[t]he parents of a child who is the subject of a child in need of care proceeding shall be entitled to qualified, independent counsel at the continued custody hearing and at all stages of the proceedings thereafter." Further, when the State seeks to terminate the parental rights of a party, "due process requires that a fundamentally fair procedure be followed." *State ex rel. C.J.K.*, 00-2375, p. 7 (La. 11/28/00), 774 So.2d 107, 113. "[T]his fundamentally fair procedure must be free from conflicted interests." *State in Interest of K.C.C.*, 15-84, p. 11 (La.App. 5 Cir. 5/28/15) __ So.3d __.

Here, we find no abuse of discretion in the trial court's denial of the motion to withdraw on the basis of a conflict of interest where each parent's interest in maintaining their individual parental rights was *independent* of the other. In its petition, the State outlined individual grounds for termination of parental rights as to each parent, and the trial court granted the petition based on each parent's individual actions. Further, a presiding case worker verified that each party could separately complete his or her case plan. The record does demonstrate that V.E. and S.E. repeatedly accused each other of wrongdoing. However, as the trial court alluded to in its oral reasons for judgment, highlighting the wrongdoings of someone else does nothing to prove your own capabilities as a parent, which is what was required of each parent here to avoid the termination of their individual rights. Further, the attorney for S.E. and V.E. admitted in his closing argument that he had no defense for V.E.'s failure to complete his case plan. The attorney could not have been prejudiced in his defense of V.E. if he did not, in fact, have a defense to offer. Moreover, there is nothing to suggest in the

5

attorney's examination of S.E. at trial that the contentious relationship with V.E. impeded the attorney in his representation of S.E. In light of the independent nature of each parent's interest and the lack of demonstrable prejudice, we find no abuse of discretion in the trial court's denial of the motion to withdraw and no violation of S.E.'s right to a fundamentally fair procedure.

S.E. also claims trial court error as to a denial of her attorney's motion to withdraw occurring in the child in need of care proceedings in March 2014. However, other than the court minutes which reflect that some colloquy took place between the parents and their attorney regarding a potential conflict, S.E. has failed to provide a transcript of the hearing on this date. Without a transcript of the hearing on the motion in the record or some other agreed upon narrative of the facts by the parties, there is nothing to review. *Grantt Guillory Enterprises, Inc. v. Quebedeaux*, 12-931 (La.App. 3 Cir. 2/6/13), 110 So.3d 182; *See also* La.Code Civ.P. art. 2164. As such, the trial court's ruling on this motion is presumed to be correct. *Quebedeaux*, 110 So.3d 182.

### *Termination of Parental Rights*

S.E. further asks this court to review the trial court's termination of her parental rights. S.E. disputes the trial court's finding that she failed to substantially complete her case plan. We find the trial court's termination of S.E.'s parental rights had sufficient factual support in the record.

In a proceeding to terminate parental rights, the State must first establish at least one of the statutory grounds enumerated in La.Ch.Code art. 1015 by clear and convincing evidence. *State ex rel. J.M.*, 02-2089 (La. 1/28/03), 837 So.2d 1247. Upon satisfying this evidentiary burden, the State must further show

6

that termination of parental rights would be in the best interest of the child by clear and convincing evidence. *Id*.

Here, the trial court terminated S.E.'s parental rights on the basis of La.Ch.Code art. 1015(5). This determination had a reasonable factual basis in the record. Louisiana Children's Code Article 1015(5) cites the following as a ground for termination:

> (5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

More than one year elapsed between the children's placement in State custody by Instanter Order issued May 7, 2013 and the petition filed August, 6, 2014. The State's petition to terminate parental rights cited several aspects of S.E.'s case plan that she had failed to complete. These shortcomings included, but were not limited to, S.E.'s failure to work in an open and honest manner regarding the welfare of her children, failure to identify possible caretakers for the children, failure to maintain employment, failure to attain housing stability, failure to make monthly parental contributions of $25 per child, failure to terminate a domestic violence relationship, and failure to complete the Wellness Recovery Action Plan ("WRAP").

At trial, S.E. admitted that she had not been open and honest with the State about her husband's substance abuse. S.E. also testified that when she was advised that the caregivers she had identified could not meet the requisite criteria,

she had failed to identify anyone else. As to employment, S.E. testified that she had just started a new job, had held several jobs since this case began, that she never stayed at a job for a long period, and that if she felt that she was being ignored at work she would quit. Further, S.E. did not contend that she could currently financially provide for her children and instead based her ability to provide for her children on potentially getting additional government assistance and clothing from her church. As to housing, S.E. testified to living in a two bedroom trailer that she already shared with another woman and her two children. S.E. later testified that her roommate and her roommate's children had recently moved out, but this alleged move had not been confirmed by the State. S.E. also stated that she had only been at her current residence for roughly three months and had lived in a women's shelter and two other residences since the children were taken into custody. Additionally, S.E. conceded that she had failed to make the requisite monthly financial contributions to her children under her case plan. Further, S.E.'s testimony about whether or not her marriage would be terminated was inconclusive, despite unresolved domestic violence issues. S.E. also conceded that she had not completed the recommended WRAP program. In light of the foregoing, we find the trial court had a reasonable factual basis for its determination that S.E. had failed to substantially complete her case plan and that there was no reasonable expectation of significant improvement in the near future.

Moreover, the State had the burden of establishing just one statutory ground of La.Ch.Code art. 1015. *State ex rel. J.M.*, 837 So.2d 1247. The trial court also terminated parental rights on the basis of La.Ch.Code art. 1015(4) which cites the following as a ground for termination:

8

(4) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:

. . . .

(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child's care and support for any period of six consecutive months.

At trial, S.E. admitted that she had not provided financial support to her children while they had been in State custody. Such an admission allowed factual support for the trial court's termination of parental rights on this ground. Additionally, the record supports the trial court's finding that termination was in the best interest of the children who needed permanency and stability after spending roughly eighteen months in State custody and, during that time, S.E. had failed to demonstrate an ability to provide stability and basic necessities for the children. As the record provides ample factual support for the trial court's ruling, we find no manifest error in the termination of S.E.'s parental rights.

## V.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

**AFFIRMED.**